FILED

2023 Jun-06  AM 09:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| MARVIN EUGENE LONG,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF SHEFFIELD, ALABAMA, COUNTY OF COLBERT, ALABAMA, MAX DOTSON, in his individual capacity; DANIEL CREWS, in his individual capacity; TOMMY MILLS, in his individual capacity; BRADLEY SKIPWORTH, in his individual capacity; TIM VANDERFORD, in his individual capacity; CURTIS BURNS, in his individual capacity; BRETT EVANS, in his individual capacity, and DARIEN FOUNTAIN, in his individual capacity; CHIEF RICKY TERRY, in his official capacity; SHERIFF ERIC BALENTINE, in his official capacity, TYLER EVANS, in his individual capacity; JONATHAN HARKINS, in his individual capacity, DANIEL CREWS, in his individual capacity; SHEFFIELD POLICE DEPT, COLBERT COUNTY SHERIFF'S OFFICE, and MAYOR STEVE STANLEY, in his official capacity.<br><br>Defendants. | CIVIL ACTION FILE NO.:<br><br>**JURY TRIAL DEMANDED**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

1

## COMPLAINT

COMES NOW, the Plaintiff, Marvin Eugen Long, through undersigned counsel, files this COMPLAINT, requesting legal and equitable relief for unconstitutional and tortious conduct committed by the City of Sheffield, the Sheffield Police Department, the Sheffield Chief of Police Ricky Terry, Mayor Steve Stanley, County of Colbert, Sheriff Eric Balentine of the Colbert County Sheriff's Office and multiple officers/deputies (hereinafter collectively referred to as "Defendants").  Plaintiff reserves the right to amend this Complaint.

## INTRODUCTION

On June 17, 2021, Defendants (Colbert County Sheriff's Office deputies and Sheffield Police Department officers) brutally assaulted Marvin Eugene Long, a 53-year-old disabled veteran black man. Officer Nick Risner released a police K9 that viciously attacked and mauled Mr. Long, only ceasing after the officer called off the K9. This occurred when Mr. Long exercised his First Amendment rights by questioning the police action after Officer Brett Evans threatened to arrest him for being a concerned citizen and standing near the police car during the arrest of Willie Bernard Jones and Britney Ann Reaves. Mr. Long requested them to leave his property unless they possessed a valid warrant.

2

## JURISDICTION AND VENUE

1.  This Court has subject matter jurisdiction under 28 U.S.C. § 1131 and 1343 over Plaintiffs' claims under the United States Constitution, which are brought both directly under 42 U.S.C. §1983.

2.  This Court has supplemental jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C. §1367 because it is so related to the federal claims that it forms part of the same case or controversy under Article III of the United States Constitution.

3.  Venue is proper in this District under 28 U.S.C. § 1391(b)(2). All of the events giving rise to this Complaint occurred within this District.

## PARTIES

4.  Marvin Eugene Long is of legal age and U.S. citizen.  He resides in Sheffield, Alabama. He is a resident and citizen of the state of Alabama.

5.  Defendant City of Sheffield, Alabama is an incorporated public entity duly authorized and existing as such in and under the laws of the State of Alabama. The City of Sheffield owns, operates, manages, directs, and controls Defendant Sheffield Police Department (hereinafter collectively with the City of Sheffield referred to as "Defendant Sheffield".

6.  Defendant County of Colbert Alabama is an incorporated public entity duly authorized and existing as such in and under the laws of the State of

Alabama. The County of Colbert owns, operates, manages, directs, and controls Defendant Colbert County Sheriff's Office (hereinafter collectively with the County of Colbert, Alabama referred to as "Defendant Colbert County".

7. Defendant Daniel Crews was a citizen of the United States and a resident of the State of Alabama and was acting under color of state law in his capacity as a law enforcement officer employed by the County of Colbert as a deputy with Colbert County Sheriff's Office.  Defendant Daniel Crews is sued in his individual capacity.

8. Defendant Tommy Mills was a citizen of the United States and a resident of the State of Alabama and was acting under color of state law in his capacity as a law enforcement officer employed by the County of Colbert as a deputy with Colbert County Sheriff's Office.  Defendant Tommy Mills is sued in his individual capacity.

9. Defendant Bradley Skipworth was a citizen of the United States and a resident of the State of Alabama and was acting under color of state law in his capacity as a law enforcement officer employed by the County of Colbert as a deputy with Colbert County Sheriff's Office. Defendant Bradley Skipworth is sued in his individual capacity.

10. Defendant Curtis Burns was a citizen of the United States and a resident of the State of Alabama and was acting under color of state law in his capacity as a law enforcement officer employed by the County of Colbert as a deputy with Colbert County Sheriff's Office.  Defendant Curtis Burns is sued in his individual capacity.

11. Defendant Johnathan Harkins was a citizen of the United States and a resident of the State of Alabama and was acting under color of state law in his capacity as a law enforcement officer employed by the County of Colbert as a deputy with Colbert County Sheriff's Office. Defendant John Harkins is sued in his individual capacity.

12. Defendant Tim Vanderford was a citizen of the United States and a resident of the State of Alabama and was acting under color of state law in his capacity as a law enforcement officer employed by the County of Colbert as a deputy with Colbert County Sheriff's Office.  Defendant Tim Vanderford is sued in his individual capacity.

13. Defendant Tyler Evans was a citizen of the United States and a resident of the State of Alabama and was acting under color of state law in his capacity as a law enforcement officer employed by the County of Colbert as a deputy with Colbert County Sheriff's Office.   Defendant Tyler Evans is sued in his individual capacity.

14. Defendant Sheriff Eric Balentine was a citizen of the United States and a resident of the State of Alabama and was acting under color of state law in his capacity as a law enforcement officer employed by the County of Colbert and is the head (Sheriff) of the Colbert County Sheriff's Office. Defendant Balentine hires trains, manages, directs, and controls all officers working for the Colbert County Sheriff's Office. Defendant Sheriff Eric Balentine is sued in his official capacity.

15. Defendant Chief Ricky Terry was a citizen of the United States and a resident of the State of Alabama and was acting under color of state law in his capacity as a law enforcement officer employed by the City of Sheffield as the head (Chief) of the Sheffield Police Department. Defendant Chief Ricky Terry hires trains, manages, directs, and controls all officers working for the Sheffield Police Department. Defendant Chief Ricky Terry is sued in his official capacity.

16. Defendant Max Dotson was a citizen of the United States and a resident of the State of Alabama and was acting under color of state law in his capacity as a law enforcement officer employed by the City of Sheffield as a police officer. Defendant Max Dotson is sued in his individual capacity.

17. Defendant Brett Evans was a citizen of the United States and a resident of the State of Alabama and was acting under color of state law in his capacity

as a law enforcement officer employed by the City of Sheffield as a police officer.  Defendant Brett Evans is sued in his individual capacity.

18. Defendant Darien Fountain was a citizen of the United States and a resident of the State of Alabama and was acting under color of state law in his capacity as a law enforcement officer employed by the City of Sheffield as a police officer.  Defendant Darien Fountain is sued in his individual capacity.

19. Defendant Mayor Steve Stanley was a citizen of the United States and a resident of the State of Alabama and was acting under color of state law in his capacity as a public official employed by the City of Sheffield as the Mayor.  Defendant Mayor Steve Stanley is sued in his official capacity.

## STATEMENT OF FACTS

20. On July 17, 2021, at approximately 1:10 P.M., Marvin Eugene Long (hereinafter "Mr. Long" or "Plaintiff") a 53-year-old disabled veteran black man, observed a police car near his private property while he was inside his home. Officer Brett Evans threatened to arrest Plaintiff for being a concerned citizen and standing near the police car during the arrest of Willie Bernard Jones and Britney Ann Reaves.

21. Members of the Colbert County Drug Task Force (Colbert County Sherriff's Office) and the Sheffield Police Department executed the search and arrest of

Willie Bernard Jones and Britney Ann Reaves at 805 East 20th Street, Sheffield, Alabama; which the members consisted of Defendants Max Dotson, Defendant Brett Evans, Defendant Darien Fountain, Defendant Bradley Skipworth, Defendant Tommy Mills, Defendant Daniel Crews, Defendant Tim Vanderford, Defendant Tyler Evans, Defendant Jonathan Harkins, and Defendant Curtis Burns (hereinafter collectively "Defendants"). The location of the incident for the Plaintiff was 715 East 20th Street, Sheffield, Alabama when the Defendants entered onto his private property.

22. The Colbert County Drug Task Force has been in existence for over 27 years. The Task Force is composed of a Coordinator, Defendant **Curtis Burns,** and Colbert County Sheriff's Office Deputies that act as agents. The task force has a Board of Directors that consists of the District Attorney - director; the Sheriff - Assistant Director; and the Chiefs of Police from the six local police departments within our county.

23. The task force agents work all of Colbert County which includes the cities of Muscle Shoals, Sheffield, Tuscumbia, Cherokee, Leighton, and Littleville. The Task Force agents work closely with other law enforcement agencies concerning drug activity and any other criminal activity.

24. Defendants threatened to arrest Plaintiff for "Obstruction of Governmental Operations" if he did not leave the area next to the police car.

25. Defendant Burns told investigators that he did not remember seeing the Plaintiff leaning against any police cars.

26. Plaintiff complies due to the threats but begins to question the police actions while walking back to his private property. Plaintiff stated that he had constitutional rights to be there and uttered some obscenities. However, Defendants stated "kick rocks motherfucker".

27. Subsequently, instead of leaving the Plaintiff alone the Defendants followed him back to his home without a warrant, reasonable suspicion, nor probable cause to enter Mr. Long's private property.

28. Notably, Plaintiff told the Defendants if they did not have a warrant that they could "go man" and leave his private property while standing now on his front porch.

29. Then one of the Defendants told the Plaintiff that "no" this is not his property. Mr. Long then told the Defendants again to "go man" and leave his property.

30. After a brief stare down between Mr. Long and the Defendants, Mr. Long turned to go back into his home while standing on his porch.

31. Suddenly without legal cause or just provocation, simultaneously the Defendants led by Defendant Dotson and aided by the other Defendants brutally grabbed Mr. Long prevented him from entering his home. As a result, Plaintiff instantly collapsed to the ground in pain while being violently

slammed and aggressively wrestle Mr. Long on the ground as he was grabbing onto the porch railing screaming for "help!, help!".  On the ground one of the defendants is heard saying, "you must think we are fucking stupid," and begins to frisk Mr. Long unlawfully without probable cause or Long's consent.

32. Further, without legal justification, while Plaintiff was lying on the ground helpless and in severe pain as an officer (Nick Risner) released a Police K9 that viciously attacked and mauled the Plaintiff.  Officer Nick Risner yelled over and over to the Police K9, "bite him! bite him!, get him!, good!" Mr. Long was bitten by the Police K9 on the same leg that he had surgery on to replace his bones with "rods". Subsequently, Mr. Long was placed in handcuffs.

33. At this point, Mr. Long needed medical attention from the dog bite and the attack from the Defendants. However, Defendants took Mr. Long to jail for book.  Subsequently, Mr. Long went to Shoals Hospital and North Alabama Medical Center because of the dog bite on his left leg, knot on his head, and back pains.

34. Notably on May 6, 2023, Mayor Steve Stanley told the communities in the news that it was standard procedure when Sergeant Nick Risner of the Sheffield Police Department instructed the K9 to bite Long.  "From what we

could tell, the dog never broke the skin of the subject.  The actions by our officers certainly got Mr. Long to stop and come into compliance with the arrest attempt," said Mayor Steve Stanley.

35. Each Defendant failed to intervene in preventing the other Defendants from using excessive force against the Plaintiff.

36. As a direct and proximate result of the Defendants' wrongful conduct, the Plaintiff sustained substantial injuries.  Plaintiff was never transported by ambulance to the Hospital.

37. Plaintiff's injuries include but are not limited to, loss of constitutional and federal rights, physical injuries, impairments and disfigurement, great pain and emotional distress, and/or aggravation of pre-existing conditions, and ongoing special damages medically/psychologically related treatment caused by the unconstitutional and moving forces concerted conduct of all these Defendants.  Plaintiff also continues to suffer ongoing emotional distress, with significant PTSD-type symptoms, including sadness, anxiety, stress, anger, depression, frustration, sleeplessness, nightmares and flashbacks from his unlawful arrest, assault, and battery.

38. Plaintiff is also entitled to punitive damages on all of his claims against the individual Defendants personally to redress their willful, malicious, wanton, reckless, and fraudulent conduct.

39. Each of the Defendants failed to intervene in preventing the use of excessive force against depriving Plaintiff of his constitutional rights as stated in this Complaint.

40. By failing to intervene, each of the Defendants additionally violated Plaintiff's constitutional rights.

41. The actions and omissions of the Defendants were objectively unreasonable under the circumstances, without legal justification or other legal rights, done under color of law, within the course of scope of their employment as law enforcement officers and/or public officials, and pursuant to unconstitutional customs, policies and procedures of City, County, and/or other jurisdictions.

42. Plaintiff is informed and believes and thereon alleges City, County, Mayor, and other public officials, breached their duty of care to the public in that they have failed to discipline the Defendants. Their failure to discipline the Defendants demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference the making of improper detentions and arrests, the use of excessive force and the fabrication of official reports to cover up the Defendants misconduct.

43. Plaintiff is informed and believes and thereon that members of the Sheffield Police Department and the Colbert County Sheriff's Office have individually and/or while acting in concert with one another, engaged in a repeated pattern

and practice of using excessive, arbitrary and/or reasonable force against individuals, including, but not limited to Plaintiff.

44. Plaintiff is informed and believes and thereon alleges that Defendant Sheffield and Defendant Colbert County knew or had reason to know by way of actual constructive notice of the aforementioned policy, culture, pattern and/or practice and the complained of conduct and resultant injuries/violations.

45. At all material times, and alternatively, the actions and omissions of each Defendant were conscience-shocking, reckless, deliberately indifferent to Plaintiff's rights, negligent, and objectively unreasonable.

46. The charges against Mr. Long were for Obstruction of Governmental Operations and Resisting Arrest. The Obstruction of Governmental Operations charge was dismissed in the municipal court.

## CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – Unlawful Arrest and Seizure**
**in Violation of the Fourth Amendment**
(Against All Individual Defendants)

47. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraph 1 through 46 of this Complaint.

42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…..

48. All individual Defendants to this claim, are person for purposes of 42 U.S.C. § 1983.

49. All individual Defendants, at all times relevant hereto, were acting under the color of state law in their capacities as officers for the Sheffield Police Department in Sheffield, Alabama and the Colbert County Sheriff's Office in Tuscumbia, Alabama and their acts or omissions were conducted within the scope of their official duties or employment.

50. At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure and not to be arrested without arguable reasonable suspicion or probable cause to do so.

51. It is undisputed that Plaintiff was on private property at the time the individuals Defendants seized and arrested the Plaintiff when the suspect was in custody and the two suspects, Willie Bernard Jones and Britney Ann Reaves were secured in the police car.

52. All individual Defendants' actions, as described herein, were willful, malicious and deliberate indifferent to Plaintiff's federally protected rights.

53. All individual Defendants engaged in the conduct described by this complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights.

54. All individual Defendants did so with shocking and willful indifference to Plaintiff's rights and with conscious awareness that it could cause Plaintiff harm.

55. The acts or omissions of all individual Defendants were the moving forces behind Plaintiff's injuries. The acts or omissions of all individual Defendants as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.  All individual Defendants are not entitled to qualified immunity for their actions.

56. As a proximate result of all individual Defendants' unlawful conduct, Plaintiff suffered loss of his freedom and other injuries.  As a further result of the individual Defendants' unlawful conduct, Plaintiff has incurred special damages, including medical expenses and other special damages related to expenses, in amounts to be established at trial.

57. On information and belief, Plaintiff suffered lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his injuries,

in amount to be ascertained in trial.  Plaintiff is further entitled to attorney's fees and cost pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law.  There may also be special damages for lien interests.

58. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff. All Defendants are jointly and severally liable for violating Long's Fourth Amendment Rights.

59. WHEREFORE, Plaintiff prays for the following relief:

    a.   Judgment for compensatory damages;

    b.   Judgment for exemplary or punitive damages;

    c.   Cost of suit;

    d.   Reasonable attorney fees, pursuant to 42 U.S.C. § 1988;

    e.   Trial by jury as issues so triable; and such other relief as this Honorable Court may deem just and appropriate.

## SECOND CLAIM FOR RELIEF
**42 U.S.C. § 1983 – Deprivation of Civil Rights by Retaliatory Arrest Against First Amendment - Freedom of Speech -Questioning Police Action**
(Against All Individual Defendants)

60. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraph 1 through 59 of this Complaint.

61. All individual Defendants to this claim, is a person for purposes of 42 U.S.C. § 1983.

62. All individual Defendants, at all times relevant hereto, were acting under the color of state law in their capacities as officers for the Sheffield Police Department in Sheffield, Alabama and the Colbert County Sheriff's Office in Tuscumbia, Alabama and their acts or omissions were conducted within the scope of their official duties or employment.

63. At all times of the complained of events, Plaintiff had a clearly established constitutional right under the First Amendment to be free from arrest after engaging in protected speech.

64. The individual Defendants made the decision to arrest Plaintiff in retaliation after Plaintiff engaged in constitutionally protected speech and conduct. The statements made by Plaintiff were not fighting words. The statements and conduct of Plaintiff constituted protected speech under the First Amendment.

65. All individual Defendants' actions, as described herein, was willful, malicious and deliberate to Plaintiff's federal protected rights.

17

66. All individual Defendants engaged in the conduct described by this complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights.

67. All individual Defendants did so with shocking and willful indifference to Plaintiff's rights and with conscious awareness that it could cause Plaintiff harm.

68. The acts or omissions of all individual Defendants were the moving forces behind Plaintiff's injuries. The acts or omissions of all individual Defendants as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.  All individual Defendants are not entitled to qualified immunity for their actions.

69. As a proximate result of all individual Defendants' unlawful conduct, Plaintiff suffered loss of his freedom and other injuries.  As a further result of the individual Defendants' unlawful conduct, Plaintiff has incurred special damages, including medical expenses and other special damages related to expenses, in amounts to be established at trial.

70. On information and belief, Plaintiff suffered lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his injuries, in amount to be ascertained in trial.  Plaintiff is further entitled to attorney's fees and cost pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as

allowable by federal law. There may also be special damages for lien interests.

71. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff. All Defendants are jointly and severally liable for violating Plaintiff's First Amendment Rights.

72. WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment for compensatory damages;

    b. Judgment for exemplary or punitive damages;

    c. Cost of suit;

    d. Reasonable attorney fees, pursuant to 42 U.S.C. § 1988;

    e. Trial by jury as issues so triable; and such other relief as this Honorable Court may deem just and appropriate.

### THIRD CLAIM FOR RELIEF
**42 U.S.C. § 1983 – Excessive Force in violation of the Fourth Amendment**
(Against All individuals Defendants)

73. Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 72 of this Complaint.

74. All individual Defendants to this claim, is a person for purposes of 42 U.S.C. § 1983.

75. All individual Defendants, at all times relevant hereto, were acting under the color of state law in their capacities as officers for the Sheffield Police Department in Sheffield, Alabama and the Colbert County Sheriff's Office in Tuscumbia, Alabama and their acts or omissions were conducted within the scope of their official duties or employment.

76. At the time of the complained events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secured in his person from unreasonable seizure through excessive force.

77. Plaintiff also had the clearly established Constitutional right under the Fourth Amendment to bodily integrity and to be free from excessive force by law enforcement.

78. Any reasonable law enforcement officer knew or should have known of these rights at the time of the complained conduct as they were clearly established at that time.

79. The Defendants' actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated these Fourth Amendment rights of Plaintiff.

80. The Defendants' actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights. The force used by Defendants shocks the conscience and violated these Fourth Amendment rights of Plaintiff.

81. Defendants unlawfully seized the Plaintiff by means of objectively unreasonable, excessive and conscious shocking physical force, thereby unreasonably restraining Plaintiff of his freedom.

82. The force used by the Defendants caused serious bodily injury to Plaintiff.

83. Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights.

84. Defendants did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

85. The acts or omissions of Defendants were moving forces behind Plaintiff's injuries.

86. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

87. The Defendants are not entitled to qualified immunity for their actions.

88. As a direct and proximate result of the individual Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial.  As further result of the individual Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

89. On information and belief, Plaintiff suffered lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his injuries, in amount to be ascertained in trial.  Plaintiff is further entitled to attorney's fees and cost pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law.  There may also be special damages for lien interests.

90. In addition to compensatory, economic, consequential and special damages, Plaintiffs are entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff. All

Defendants are jointly and severally liable for violating Plaintiff's Fourth Amendment Rights.

91. WHEREFORE, Plaintiff prays for the following relief:

    a.   Judgment for compensatory damages;

    b.   Judgment for exemplary or punitive damages;

    c.   Cost of suit;

    d.   Reasonable attorney fees, pursuant to 42 U.S.C. § 1988;

    e.   Trial by jury as issues so triable; and such other relief as this Honorable Court may deem just and appropriate.

### FOURTH CLAIM FOR RELIEF
### 42 U.S.C. § 1983
### Failure to Intervene in Violation of the Fourth Amendment
#### (Against All Individual Defendants)

92. Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 91 of this Complaint.

93. All individual Defendants to this claim, is a person for purposes of 42 U.S.C. § 1983.

94. All individual Defendants, at all times relevant hereto, were acting under the color of state law in their capacities as officers for the Sheffield Police Department in Sheffield, Alabama and the Colbert County Sheriff's Office in Tuscumbia, Alabama and their acts or omissions were conducted within the scope of their official duties or employment.

23

95. Each above Defendant failed to intervene in preventing the other Defendants from using use of excessive force against the Plaintiff.

96. Each individual had realistic opportunity to intervene to prevent the harm from occurring to the Plaintiff.

97. Plaintiff was damaged and injured by the Defendants' intentional failure to intervene and stop the assault on him.

98. The Defendants' intentional failure to intervene directly and proximately contributed to the Plaintiff's unconstitutional seizure, and directly and proximately to the Plaintiff's significant physical injuries and emotional pain and suffering. The force used by the Defendants caused serious bodily injury to Plaintiff.

99. Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights.

100. Defendants did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

101. The acts or omissions of Defendants were moving forces behind Plaintiff's injuries.

102. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

103. The Defendants are not entitled to qualified immunity for their actions.

104. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medical and other special damages-related expenses, in amounts to be established at trial.

105. On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his injuries, in amounts to be ascertained in trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

106. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless

or wanton disregard of the constitutional rights of Plaintiff. All Defendants are jointly and severally liable for violating Plaintiff's Fourth Amendment Rights.

107.  WHEREFORE, Plaintiff prays for the following relief:

     a.   Judgment for compensatory damages;

     b.   Judgment for exemplary or punitive damages;

     c.   Cost of suit;

     d.   Reasonable attorney fees, pursuant to 42 U.S.C. § 1988;

     e.   Trial by jury as issues so triable; and such other relief as this Honorable Court may deem just and appropriate.

**FIFTH CLAIM FOR RELIEF**
**42 U.S.C. § 1983**
**Monell – Municipal Liability for Unconstitutional Custom or Policy**
(Against All Individual Defendants, Defendant Terry, Defendant Stanley,
Defendant Balentine, Defendant Sheffield, and Defendant Colbert County)

108. Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 107 of this Complaint.

109. On information and belief, Defendants, individually and as peace officers, was ratified by City of Sheffield's Police Department and County of Colbert, Alabama's Sheriff's Office supervisorial officers. Plaintiff furthermore alleges that high-ranking County of Colbert and/or City of Sheffield official (Defendant Mayor Steve Stanley), and all individual Defendants, knew and/or reasonably should have known that their officers are inadequately trained.

26

110.  On information and belief, Defendants were not disciplined for their use of excessive force against Plaintiff.

111.  On June 17, 2021, Defendants, individually and as peace officers, deprived Plaintiff of the rights and liberties secured to him by the First, Fourth, and Fourteenth Amendments to the United States Constitution, in that said Defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff, and of persons in Plaintiff's class, situation and comparable position in particular, had notice, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

a.  Employing and retaining Officers and Deputies, including the Defendants, who at all times material herein knew or reasonably should have know had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written policies from the County of Colbert and City of Sheffield, including the use of excessive force, respect for the First Amendment, and permitting access to medical care;

b.  Of inadequately supervising, training, controlling, assigning, and disciplining City of Sheffield Police officers and County of Colbert

Sheriff's deputies, including Defendants, who they knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force and denying access to medical care.

c.  By having and maintaining an unconstitutional policy, custom and practice of arresting individuals without probable cause or reasonable suspicion, and using excessive force, which also is demonstrated by inadequate training regarding there subjects.  The policies, customs and practices of Defendants were done with a deliberate indifference to individuals' safety and rights; and

d.  By failing to properly investigate claims of unlawful seizures and excessive force by the City of Sheffield Police Officers and the Colbert County Sherriff's deputies.

112. Plaintiff was severely injured and subjected to pain and suffering and lost his earning capacity, for which Plaintiff is entitled to recover damages.

113. Defendants had either actual or constructive knowledge of the deficient policies, practices and customs alleged.  Despite having knowledge, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference

to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff and other individuals similarly situated.

114. Defendants acted with intentional, reckless, and callous disregard for the rights of Plaintiff.  Each of their actions was willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

115. Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants, individually and as peace officers, were affirmatively linked to and were a significantly influential force behind the injuries of Plaintiff.

116. WHEREFORE, Plaintiff prays for the following relief:

    a.   Judgment for compensatory damages;

    b.   Judgment for exemplary or punitive damages;

    c.   Cost of suit;

    d.   Reasonable attorney fees, pursuant to 42 U.S.C. § 1988;

    e.   Trial by jury as issues so triable; and such other relief as this Honorable Court may deem just and appropriate.

**SIXTH CLAIM FOR RELIEF**
**State Law – Assault and Battery**
(Against All Individual Defendants)

117. Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 116 of this Complaint.

118. All individual Defendants' touched Plaintiff with the intent to harm or offend him.

119. Plaintiff did not consent to the touching and was harmed by it.

120. A reasonable person in Plaintiff's situation would have been offended by touching.

121. Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, humiliation, and further damages according to proof at the time of trial.

122. The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

123. WHEREFORE, Plaintiff demands judgment and compensatory and punitive damages to the fullest extent of the law against Defendants and demands trials by jury on all issues so triable.

## SEVENTH CLAIM FOR RELIEF
### State Law – Negligence
(Against all Individual Defendants)

124. Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 123 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

125. Defendants, by and through their respective agents and employees, caused the injuries to Plaintiff, as a result of their negligent conduct and/or negligent failure to act as set-forth herein, including, but not limited to: failure to use proper tactics and/or employ reasonable police and deputies procedures and/or use appropriate force.

126. As an actual and proximate result of said defendants' negligence, Plaintiff sustained pecuniary loss and suffering, in an amount according to proof at trial.

127. WHEREFORE, Plaintiff demands judgment and compensatory and punitive damages to the fullest extent of the law against Defendants and demands trial by jury on all issues so triable.

## EIGHTH CLAIM FOR RELIEF
## State Law – Intentional Infliction of Emotional Distress
(Against all Individual Defendants)

128. Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 127 of this Complaint.

129. Defendants' conduct as described herein was outrageous.

130. Defendants intended to cause Plaintiff emotional distress.

131. Defendants acted with reckless disregard of the probability that Plaintiff would suffer emotional distress, knowing that Plaintiff was present when the conduct occurred.

132. Plaintiff suffered severe emotional distress from Defendants' harassment.

133. Defendants' conduct as described herein was a substantial factor in causing Plaintiff's severe emotional distress.

134. Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

135. The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

136. WHEREFORE, Plaintiff demands judgment and compensatory and punitive damages to the fullest extent of the law against Defendants and demands trial by jury on all issues so triable.

## Other Matters

137. All conditions precedent to the bringing of this suit have occurred.

## <u>PRAYER FOR RELIEF</u>

Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

    a.   compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims all allowed by law in an amount into be determine by a jury;

    b.   economic losses on all claims allows allowed by law;

    c.   special damages in an amount to be determined at trial;

    d.   punitive damages on all claims allowed by law against all individual Defendants;

    e.   attorney's fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law;

    f.   pre-and post-judgment interest at the lawful rate; and,

    g.   any further relief that this court deems just and proper, and any other appropriate relief of law and equity.

**PLAINTIFF REQUESTS A TRIAL BY JURY.**

Respectfully submitted this 5th day of June 2023,

**The Law Offices of Harry M. Daniels, LLC**

*/s/Harry M. Daniels*
Harry M. Daniels, Esq
Georgia Bar No.: 234158
4751 Best Road Suite 490
Atlanta, GA 30337
Tel. 678.664.8529
Fax. 800.867.5248
Email: daniels@harrymdaniels.com
(Pro hac vice to be filed)

**The Roderick Van Daniel Law Firm, LLC**

*/s/ Dr. Roderick Van Daniel, Esquire*
Dr. Roderick Van Daniel, Esquire
No. ASB-9105-164X
1501 15th Avenue South; Suite 34
Birmingham, Alabama 35205
Tel. (205) 317 – 9321
Email: roddaniel205@gmail.com