**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION**

| | |
|---|---|
| MARVIN EUGENE LONG, | |
| Plaintiff, | |
| v. | CIVIL ACTION FILE NO.: 3:23-cv-00731-LCB |
| CITY OF SHEFFIELD, ALABAMA, MAX DOTSON, in his individual capacity; DANIEL CRUISE, in his individual capacity; TOMMY MILLS, in his individual capacity; BRADLEY SKIPWORTH, in his individual capacity; TIM VANDERFORD, in his individual capacity; CURTIS BURNS, in his individual capacity; BRETT EVANS, in his individual capacity, and DARIEN FOUNTAIN, in his individual capacity; TYLER EVANS, in his individual capacity; JONATHAN HARKINS, in his individual capacity, | **JURY TRIAL DEMANDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| Defendants. | |

## AMENDED COMPLAINT

COMES NOW, the Plaintiff, Marvin Eugene Long, through undersigned

counsel, files this COMPLAINT, requesting legal and equitable relief for

unconstitutional and tortious conduct committed by MAX DOTSON, in his

1

individual capacity; DANIEL CRUISE, in his individual capacity;[1] TOMMY

MILLS, in his individual capacity; BRADLEY SKIPWORTH, in his individual

capacity; TIM VANDERFORD, in his individual capacity; CURTIS BURNS, in

his individual capacity; BRETT EVANS, in his individual capacity, and DARIEN

FOUNTAIN, in his individual capacity; TYLER EVANS, in his individual

capacity; JONATHAN HARKINS, in his individual capacity, (hereinafter

collectively referred to as "Defendants"); CITY OF SHEFFIELD, ALABAMA.

## INTRODUCTION

On June 17, 2021, Marvin Eugene Long, a 53-year-old black man and

disabled veteran, was viciously attacked by members of the Colbert County Sheriff's

Office deputies and Sheffield Police Department officers absent reasonable

suspicion or arguable probable cause to do so. At all times during that attack, Mr.

Long was on his private property. Mr. Long was subsequently arrested and charged

with obstruction and resisting arrest absent arguable probable cause to do so. As a

result of the assault, Mr. Long sustained physical injuries and permanent scarring to

his body. Additionally, Mr. Long also suffered emotional injuries and damages as a

---

[1] Daniel Cruise name was spelled incorrectly as Daniel Crews in the original complaint.

result of the Defendants unlawful and unconstitutional acts. Further, Mr. Long brings state law claims and constitutional claims against all named Defendants.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1131 and 1343 over Plaintiffs' claims under the United States Constitution, which are brought both directly under 42 U.S.C. §1983.

2. This Court has supplemental jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C. §1367 because it is so related to the federal claims that it forms part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District under 28 U.S.C. § 1391(b)(2). All of the events giving rise to this Complaint occurred within this District.

## PARTIES

4. Marvin Eugene Long is of legal age and U.S. citizen. He resides in Sheffield, Alabama. He is a resident and citizen of the state of Alabama.

5. Defendant City of Sheffield, Alabama is an incorporated public entity duly authorized and existing as such in and under the laws of the State of Alabama. The City of Sheffield owns, operates, manages, directs, and controls Sheffield Police Department (hereinafter collectively with the City of Sheffield referred to as "Defendant Sheffield".

6. Defendant Daniel Cruise was a citizen of the United States and a resident of the State of Alabama and was acting under color of state law in his capacity as a law enforcement officer employed by the County of Colbert as a deputy with Colbert County Sheriff's Office. Defendant Daniel Cruise is sued in his individual capacity.

7. Defendant Tommy Mills was a citizen of the United States and a resident of the State of Alabama and was acting under color of state law in his capacity as a law enforcement officer employed by the County of Colbert as a deputy with Colbert County Sheriff's Office. Defendant Tommy Mills is sued in his individual capacity.

8. Defendant Bradley Skipworth was a citizen of the United States and a resident of the State of Alabama and was acting under color of state law in his capacity as a law enforcement officer employed by the County of Colbert as a deputy with Colbert County Sheriff's Office. Defendant Bradley Skipworth is sued in his individual capacity.

9. Defendant Curtis Burns was a citizen of the United States and a resident of the State of Alabama and was acting under color of state law in his capacity as a law enforcement officer employed by the County of Colbert as a deputy with Colbert County Sheriff's Office. Defendant Curtis Burns is sued in his individual capacity.

10. Defendant Jonathan Harkins was a citizen of the United States and a resident of the State of Alabama and was acting under color of state law in his capacity as a law enforcement officer employed by the County of Colbert as a deputy with Colbert County Sheriff's Office. Defendant John Harkins is sued in his individual capacity.

11. Defendant Tim Vanderford was a citizen of the United States and a resident of the State of Alabama and was acting under color of state law in his capacity as a law enforcement officer employed by the County of Colbert as a deputy with Colbert County Sheriff's Office. Defendant Tim Vanderford is sued in his individual capacity.

12. Defendant Tyler Evans was a citizen of the United States and a resident of the State of Alabama and was acting under color of state law in his capacity as a law enforcement officer employed by the County of Colbert as a deputy with Colbert County Sheriff's Office. Defendant Tyler Evans is sued in his individual capacity.

13. Defendant Max Dotson was a citizen of the United States and a resident of the State of Alabama and was acting under color of state law in his capacity as a law enforcement officer employed by the City of Sheffield as a police officer. Defendant Max Dotson is sued in his individual capacity.

14. Defendant Brett Evans was a citizen of the United States and a resident of the State of Alabama and was acting under color of state law in his capacity as a law enforcement officer employed by the City of Sheffield as a police officer. Defendant Brett Evans is sued in his individual capacity.

15. Defendant Darien Fountain was a citizen of the United States and a resident of the State of Alabama and was acting under color of state law in his capacity as a law enforcement officer employed by the City of Sheffield as a police officer. Defendant Darien Fountain is sued in his individual capacity.

## STATEMENT OF FACTS

16. On July 17, 2021, at approximately 1:10 P.M., Marvin Eugene Long (hereinafter "Mr. Long" or "Plaintiff"), a 53-year-old black man and disabled veteran, observing a law enforcement vehicle blocking the street near his residence. Out of concern, Mr. Long walked outside his home to see what was going on.

17. When he got outside, he walked in the street beside the police car and observed some law enforcement activity at one of his neighbors' homes. At no time did Mr. Long touch the law enforcement vehicle with his body.

18. While standing near the law enforcement vehicle Mr. Long observed law enforcement officers walking two individuals while in custody to the vehicle. At this time, Defendant Brett Evans (hereinafter "Defendant B. Evans") told

Mr. Long to get away from his car and threatened to take Mr. Long to jail for obstruction if he did not step away from his vehicle. Mr. Long complied with Defendant B. Evans' order.

19. While complying with Defendant B. Evans' order and walking towards his residence and away from B. Evans' vehicle, Mr. Long questioned B. Evans' order and stated he had rights. At that time Defendant Tommy Mills (hereinafter "Defendant Mills") told Mr. Long to "kick rocks motherfucker". Mr. Long stated he had freedom of speech. Then Defendant Mills called Mr. Long a "bitch ass" and "kick rocks motherfucker" again.

20. After the obscenity from Defendant Mills, Mr. Long continued to walk home still complying with Defendant B. Evans' order until he made it to his front porch without committing any criminal activities.

21. Subsequently, members of the Colbert County Drug Task Force walked onto the private property of Mr. Long without oral or written consent, which includes the deputies from Colbert County Sheriff's Office and the officers from Sheffield Police Department after the executed arrest of two individuals (neighbors of the Plaintiff) by placing them in the law enforcement vehicle; which the members specifically consisted of Defendant Max Dotson, Defendant B. Evans, Defendant Darien Fountain, Defendant Bradley Skipworth, Defendant Mills, Defendant Daniel Cruise, Defendant Tim

Vanderford, Defendant Tyler Evans, Defendant Jonathan Harkins, and Defendant Curtis Burns (hereinafter collectively "Defendants").

22. Further, instead of leaving the Plaintiff alone the Defendants, upset and angry from the police questioning followed Mr. Long back to his home without a warrant, reasonable suspicion, nor probable cause to enter Mr. Long's private property.

23. Notably, Plaintiff told the Defendants if they did not have a warrant that they could "go man" and leave his private property while standing now on his front porch.

24. Then one of the Defendants told the Plaintiff that "no" this is not his property. Mr. Long then told the Defendants again to "go man" and leave his property.

25. After a brief stare down between Mr. Long and the Defendants, Mr. Long turned to go back into his home while standing on his porch.

26. Suddenly, without legal cause or just provocation, simultaneously the Defendants led by Defendant Dotson and aided by the other Defendants brutally grabbed Mr. Long and prevented him from entering his home. As a result, Plaintiff instantly collapsed to the ground in pain while being violently slammed and aggressively wrestle Mr. Long on the ground as he was grabbing onto the porch railing screaming for "help!, help!". On the ground one of the defendants is heard saying, "you must think we are fucking stupid," and

begins to frisk Mr. Long unlawfully without probable cause or Long's consent.

27. Further, without legal justification, while Plaintiff was lying on the ground helpless and in severe pain as an officer (Nick Risner) released a Police K9 that viciously attacked and mauled the Plaintiff. Officer Nick Risner yelled over and over to the Police K9, "bite him! bite him!, get him!, good!" Mr. Long was bitten by the Police K9 on the same leg that he had surgery on to replace his bones with "rods". Subsequently, Mr. Long was placed in handcuffs.

28. At this point, Mr. Long needed medical attention from the dog bite and the attack from the Defendants. However, Defendants took Mr. Long to jail for booking. Subsequently, Mr. Long went to Shoals Hospital and North Alabama Medical Center because of the dog bite on his left leg, knot on his head, and back pains.

29. Each Defendant failed to intervene in preventing the other Defendants from using excessive force against the Plaintiff. Defendant Curtis Burns (hereinafter "Defendant Burns") did nothing to stop the other defendants from going onto the property of Mr. Long. Defendant Burns knew that Mr. Long was not leaning on the law enforcement vehicle.

30. Further, Defendant Bradley Skipworth (hereinafter "Defendant Skipworth") was on Mr. Long's property during the entirety of the vicious attack upon the Plaintiff by the Defendants and by the K9. Never once did Defendant Skipworth intervene to stop the other Defendants from the brutal malicious attack upon the Plaintiff.

31. As a direct and proximate result of the Defendants' wrongful conduct, the Plaintiff sustained substantial injuries. Plaintiff was never transported by ambulance to the Hospital.

32. Plaintiff's injuries include but are not limited to, loss of constitutional and federal rights, physical injuries, impairments and disfigurement, great pain and emotional distress, and/or aggravation of pre-existing conditions, and ongoing special damages medically/psychologically related treatment caused by the unconstitutional and moving forces concerted conduct of all these Defendants. Plaintiff also continues to suffer ongoing emotional distress, with significant PTSD-type symptoms, including sadness, anxiety, stress, anger, depression, frustration, sleeplessness, nightmares and flashbacks from his unlawful arrest, assault, and battery.

33. Plaintiff is also entitled to punitive damages on all of his claims against the individual Defendants personally to redress their willful, malicious, wanton, reckless, and fraudulent conduct.

34. Each of the Defendants failed to intervene in preventing the use of excessive force against depriving Plaintiff of his constitutional rights as stated in this Complaint.

35. By failing to intervene, each of the Defendants additionally violated Plaintiff's constitutional rights.

36. The actions and omissions of the Defendants were objectively unreasonable under the circumstances, without legal justification or other legal rights, done under color of law, within the course of scope of their employment as law enforcement officers and/or public officials, and pursuant to unconstitutional customs, policies and procedures of City, County, and/or other jurisdictions.

37. At all material times, and alternatively, the actions and omissions of each Defendant were conscience-shocking, reckless, deliberately indifferent to Plaintiff's rights, negligent, and objectively unreasonable.

38. As a direct and proximate result of the individual Defendants' wrongful conduct, Mr. Long sustained substantially injuries. These injuries include, but are not limited to, loss of constitutional and federal rights, emotional distress, and/or aggravation of pre-existing conditions, and ongoing special damages medically/psychologically related treatment caused by the unconstitutional and moving forces concerted conduct of all these Defendants. Plaintiff also continues to suffer ongoing emotional distress, with significant PTSD type

symptoms, including sadness, anxiety, stress, anger, depression, frustration, sleeplessness, nightmares and flashbacks from his unlawful arrest.

39. In the alternative, the individual Defendants arrested Mr. Long due to their lack of skills or carelessness as officers operating in their scope of duty in confronting the above facts and circumstances. Their actions fell below that response which a skilled or proficient officer would exercise in similar circumstances.

40. The charges against Mr. Long were for Obstruction of Governmental Operations and Resisting Arrest. The Obstruction of Governmental Operations charge was dismissed in the municipal court.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983 – Unlawful Arrest and Seizure
### in Violation of the Fourth Amendment
(Against All Individual Defendants)

41. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraph 1 through 40 of this Complaint.

42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…..

42. All individual Defendants to this claim, are person for purposes of 42 U.S.C. § 1983.

43. All individual Defendants, at all times relevant hereto, were acting under the color of state law in their capacities as officers for the Sheffield Police Department in Sheffield, Alabama and the Colbert County Sheriff's Office in Tuscumbia, Alabama and their acts or omissions were conducted within the scope of their official duties or employment.

44. At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure and not to be arrested without arguable reasonable suspicion or probable cause to do so.

45. It is undisputed that Plaintiff was on private property at the time the individuals Defendants seized and arrested the Plaintiff when the suspects were in custody and secured in the law enforcement vehicle.

46. All individual Defendants' actions, as described herein, were willful, malicious and deliberate indifferent to Plaintiff's federally protected rights.

47. All individual Defendants engaged in the conduct described by this complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights.

48. All individual Defendants did so with shocking and willful indifference to Plaintiff's rights and with conscious awareness that it could cause Plaintiff harm.

49. The acts or omissions of all individual Defendants were the moving forces behind Plaintiff's injuries. The acts or omissions of all individual Defendants as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages. All individual Defendants are not entitled to qualified immunity for their actions.

50. As a proximate result of all individual Defendants' unlawful conduct, Plaintiff suffered loss of his freedom and other injuries. As a further result of the individual Defendants' unlawful conduct, Plaintiff has incurred special damages, including medical expenses and other special damages related to expenses, in amounts to be established at trial.

51. On information and belief, Plaintiff suffered lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his injuries, in amount to be ascertained in trial. Plaintiff is further entitled to attorney's fees and cost pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

52. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff. All Defendants are jointly and severally liable for violating Long's Fourth Amendment Rights.

53. WHEREFORE, Plaintiff prays for the following relief:

    a.   Judgment for compensatory damages;

    b.   Judgment for exemplary or punitive damages;

    c.   Cost of suit;

    d.   Reasonable attorney fees, pursuant to 42 U.S.C. § 1988;

    e.   Trial by jury as issues so triable; and such other relief as this Honorable Court may deem just and appropriate.

**SECOND CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – Deprivation of Civil Rights by Retaliatory Arrest Against First Amendment - Freedom of Speech -Questioning Police Action**
(Against All Individual Defendants)

54. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraph 1 through 53 of this Complaint.

55. All individual Defendants to this claim, is a person for purposes of 42 U.S.C. § 1983.

56. All individual Defendants, at all times relevant hereto, were acting under the color of state law in their capacities as officers for the Sheffield Police Department in Sheffield, Alabama and the Colbert County Sheriff's Office in Tuscumbia, Alabama and their acts or omissions were conducted within the scope of their official duties or employment.

57. At all times of the complained of events, Plaintiff had a clearly established constitutional right under the First Amendment to be free from arrest after engaging in protected speech.

58. The individual Defendants made the decision to arrest Plaintiff in retaliation after Plaintiff engaged in constitutionally protected speech and conduct. The statements made by Plaintiff were not fighting words. The statements and conduct of Plaintiff constituted protected speech under the First Amendment.

59. All individual Defendants' actions, as described herein, was willful, malicious and deliberate to Plaintiff's federal protected rights.

60. All individual Defendants engaged in the conduct described by this complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights.

61. All individual Defendants did so with shocking and willful indifference to Plaintiff's rights and with conscious awareness that it could cause Plaintiff harm.

62. The acts or omissions of all individual Defendants were the moving forces behind Plaintiff's injuries. The acts or omissions of all individual Defendants as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages. All individual Defendants are not entitled to qualified immunity for their actions.

63. As a proximate result of all individual Defendants' unlawful conduct, Plaintiff suffered loss of his freedom and other injuries. As a further result of the individual Defendants' unlawful conduct, Plaintiff has incurred special damages, including medical expenses and other special damages related to expenses, in amounts to be established at trial.

64. On information and belief, Plaintiff suffered lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his injuries, in amount to be ascertained in trial. Plaintiff is further entitled to attorney's fees and cost pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

65. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a

reckless or wanton disregard of the constitutional rights of Plaintiff. All Defendants are jointly and severally liable for violating Plaintiff's First Amendment Rights.

66. WHEREFORE, Plaintiff prays for the following relief:

    a.   Judgment for compensatory damages;

    b.   Judgment for exemplary or punitive damages;

    c.   Cost of suit;

    d.   Reasonable attorney fees, pursuant to 42 U.S.C. § 1988;

    e.   Trial by jury as issues so triable; and such other relief as this Honorable Court may deem just and appropriate.

**THIRD CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – Excessive Force in violation of the Fourth Amendment**
(Against All individuals Defendants)

67. Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 66 of this Complaint.

68. All individual Defendants to this claim, is a person for purposes of 42 U.S.C. § 1983.

69. All individual Defendants, at all times relevant hereto, were acting under the color of state law in their capacities as officers for the Sheffield Police Department in Sheffield, Alabama and the Colbert County Sheriff's Office in

Tuscumbia, Alabama and their acts or omissions were conducted within the scope of their official duties or employment.

70. At the time of the complained events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secured in his person from unreasonable seizure through excessive force.

71. Plaintiff also had the clearly established Constitutional right under the Fourth Amendment to bodily integrity and to be free from excessive force by law enforcement.

72. Any reasonable law enforcement officer knew or should have known of these rights at the time of the complained conduct as they were clearly established at that time.

73. The Defendants' actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated these Fourth Amendment rights of Plaintiff.

74. The Defendants' actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights. The force used by Defendants shocks the conscience and violated these Fourth Amendment rights of Plaintiff.

75. Defendants unlawfully seized the Plaintiff by means of objectively unreasonable, excessive and conscious shocking physical force, thereby unreasonably restraining Plaintiff of his freedom.

76. The force used by the Defendants caused serious bodily injury to Plaintiff.

77. Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights.

78. Defendants did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

79. The acts or omissions of Defendants were moving forces behind Plaintiff's injuries.

80. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

81. The Defendants are not entitled to qualified immunity for their actions.

82. As a direct and proximate result of the individual Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As further result of the individual Defendants' unlawful conduct, Plaintiff has incurred special

damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

83. On information and belief, Plaintiff suffered lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his injuries, in amount to be ascertained in trial. Plaintiff is further entitled to attorney's fees and cost pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

84. In addition to compensatory, economic, consequential and special damages, Plaintiffs are entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff. All Defendants are jointly and severally liable for violating Plaintiff's Fourth Amendment Rights.

85. WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment for compensatory damages;

    b. Judgment for exemplary or punitive damages;

    c. Cost of suit;

d.   Reasonable attorney fees, pursuant to 42 U.S.C. § 1988;

e.   Trial by jury as issues so triable; and such other relief as this Honorable Court may deem just and appropriate.

### FOURTH CLAIM FOR RELIEF
### 42 U.S.C. § 1983
### Failure to Intervene in Violation of the Fourth Amendment
(Against All Individual Defendants)

86. Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 85 of this Complaint.

87. All individual Defendants to this claim, is a person for purposes of 42 U.S.C. § 1983.

88. All individual Defendants, at all times relevant hereto, were acting under the color of state law in their capacities as officers for the Sheffield Police Department in Sheffield, Alabama and the Colbert County Sheriff's Office in Tuscumbia, Alabama and their acts or omissions were conducted within the scope of their official duties or employment.

89. Each above Defendants failed to intervene in preventing the other Defendants from using use of excessive force against the Plaintiff.

90. Each individual had realistic opportunity to intervene to prevent the harm from occurring to the Plaintiff.

91. Plaintiff was damaged and injured by the Defendants' intentional failure to intervene and stop the assault on him.

92. The Defendants' intentional failure to intervene directly and proximately contributed to the Plaintiff's unconstitutional seizure, and directly and proximately to the Plaintiff's significant physical injuries and emotional pain and suffering. The force used by the Defendants caused serious bodily injury to Plaintiff.

93. Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights.

94. Defendants did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

95. The acts or omissions of Defendants were moving forces behind Plaintiff's injuries.

96. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

97. The Defendants are not entitled to qualified immunity for their actions.

98. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants'

unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medical and other special damages-related expenses, in amounts to be established at trial.

99. On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his injuries, in amounts to be ascertained in trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

100. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff. All Defendants are jointly and severally liable for violating Plaintiff's Fourth Amendment Rights.

101. WHEREFORE, Plaintiff prays for the following relief:

    a.   Judgment for compensatory damages;

    b.   Judgment for exemplary or punitive damages;

    c.   Cost of suit;

    d.   Reasonable attorney fees, pursuant to 42 U.S.C. § 1988;

    e.   Trial by jury as issues so triable; and such other relief as this Honorable Court may deem just and appropriate.

### FIFTH CLAIM FOR RELIEF
### State Law – Assault and Battery
(Against All Individual Defendants)

102. Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 101 of this Complaint.

103. All individual Defendants' touched Plaintiff with the intent to harm or offend him.

104. Plaintiff did not consent to the touching and was harmed by it.

105. A reasonable person in Plaintiff's situation would have been offended by touching.

106. Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, humiliation, and further damages according to proof at the time of trial.

107. The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

108. WHEREFORE, Plaintiff demands judgment and compensatory and punitive damages to the fullest extent of the law against Defendants and demands trials by jury on all issues so triable.

## SIXTH CLAIM FOR RELIEF
### State Law – Intentional Infliction of Emotional Distress
(Against all Individual Defendants)

109. Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 108 of this Complaint.

110. Defendants' conduct as described herein was outrageous.

111. Defendants intended to cause Plaintiff emotional distress.

112. Defendants acted with reckless disregard of the probability that Plaintiff would suffer emotional distress, knowing that Plaintiff was present when the conduct occurred.

113. Plaintiff suffered severe emotional distress from Defendants' harassment.

114. Defendants' conduct as described herein was a substantial factor in causing Plaintiff's severe emotional distress.

115. Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

116. The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

117. WHEREFORE, Plaintiff demands judgment and compensatory and punitive damages to the fullest extent of the law against Defendants and demands trial by jury on all issues so triable.

## SEVENTH CLAIM FOR RELIEF
### State Law – Trespass to Land
(Against All Individual Defendants)

118. Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 117 of this Complaint.

119. Defendants unlawfully and without consent entered on the Property, which Plaintiff was in possession of, and which Plaintiff had a right to be free from interference.

120. Defendants' invasion of Plaintiff's rights was unlawful and committed by direct force, including, but not limited to, physically grabbing, wrestling, yanking, K9 mauling and biting, and manhandling Plaintiff.

121. Defendants lacked verbal and written permission to enter the Property of the Plaintiff.

122. Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, humiliation, and further damages according to proof at the time of trial.

123. Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, humiliation, and further damages according to proof at the time of trial.

124. The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

125. WHEREFORE, Plaintiff demands judgment and compensatory and punitive damages to the fullest extent of the law against Defendants and demands trials by jury on all issues so triable.

## Other Matters

126. All conditions precedent to the bringing of this suit have occurred.

## **PRAYER FOR RELIEF**

Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

a. compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims all allowed by law in an amount into be determine by a jury;

b. economic losses on all claims allows allowed by law;

c.   special damages in an amount to be determined at trial;

d.   punitive damages on all claims allowed by law against all individual
     Defendants;

e.   attorney's fees and the costs associated with this action under 42
     U.S.C. § 1988, including expert witness fees, on all claims allowed
     by law;

f.   pre-and post-judgment interest at the lawful rate; and,

g.   any further relief that this court deems just and proper, and any other
     appropriate relief of law and equity.

**PLAINTIFF REQUESTS A TRIAL BY JURY.**

Respectfully submitted this 22nd day of June 2023,

**The Roderick Van Daniel Law Firm, LLC**

*/s/ Dr. Roderick Van Daniel, Esquire*
Dr. Roderick Van Daniel, Esquire
No. ASB-9105-164X
1501 15th Avenue South; Suite 34
Birmingham, Alabama 35205
Tel. (205) 317 – 9321
Email: roddaniel205@gmail.com

**The Law Offices of Harry M. Daniels, LLC**

*/s/Harry M. Daniels*
Harry M. Daniels, Esq
Georgia Bar No.: 234158
4751 Best Road Suite 490
Atlanta, GA 30337
Tel. 678.664.8529
Fax. 800.867.5248
Email: daniels@harrymdaniels.com
(*Pending Pro hac vice admission*)