IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| **MARVIN EUGENE LONG,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:23-CV-00731-LCB |
| | ) |
| **CITY OF SHEFFIELD, ALABAMA,** | ) |
| **COUNTY OF COLBERT, ALABAMA,** | ) |
| **MAX DOTSON, in his individual** | ) |
| **capacity; DANIEL CREWS, in his** | ) |
| **individual capacity; TOMMY MILLS,** | ) |
| **in his individual capacity; BRADLEY** | ) |
| **SKIPWORTH, in his individual** | ) |
| **capacity, TIM VANDERFORD, in his** | ) |
| **Individual capacity; CURTIS BURNS,** | ) |
| **in his individual capacity, BRETT** | ) |
| **EVANS, in his individual capacity;** | ) |
| **CHIEF RICKY TERRY, in his official** | ) |
| **capacity; SHERIFF ERIC** | ) |
| **BALENTINE, in his official capacity,** | ) |
| **TYLER EVANS, in his individual** | ) |
| **capacity; JONATHAN HARKINS, in** | ) |
| **his individual capacity; SHEFFIELD** | ) |
| **POLICE DEPT, COLBERT COUNTY** | ) |
| **SHERIFF'S OFFICE, and MAYOR** | ) |
| **STEVE STANLEY, in his official** | ) |
| **capacity.** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM BRIEF IN SUPPORT OF DEFENDANT SHERIFF ERIC BALENTINE'S MOTION TO DISMISS

COMES NOW, Sheriff Eric Balentine, a Defendant in the above-styled cause, and submits this memorandum brief in support of his contemporaneously filed

1

Motion to Dismiss. Defendant so moves pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for the following reasons:

## INTRODUCTION

This action was filed in the United States District Court for the Northern District of Alabama Northwestern Division on June 5, 2023. (Doc. 1) Defendant was served on June 7, 2023. The Complaint stems from an incident involving Marvin Eugene Long.

According to the Plaintiff's Complaint, he asserts several claims against Sheriff Eric Balentine of: Unlawful Arrest and Seizure in violation of Fourth Amendment (Count I); deprivation of Civil Rights by Retaliatory Arrest Against First Amendment (Count II); excessive force in violation of the Fourth Amendment (Count III); Failure to Intervene in violation of the Fourth Amendment (Count IV); Monell Liability (Count V); Assault and Battery (Count VI); Negligence (Count VII); and Intentional Infliction of Emotional Distress (Count VIII). In response, the Defendant states the following:

1. Defendant Balentine is entitled to absolute immunity as to the state-law claims set out in the Complaint. As a result, all of the Plaintiff's state tort claims (Count VI, VII, and VIII) must be dismissed.

2. Defendant is entitled to qualified immunity as it relates to the Plaintiff's constitutional violation claims. The Defendant prefaces this assertion by noting

Plaintiff's allegations are vague. The Complaint does not allege substantive factual allegations to sustain these claims. Most importantly, Sheriff Eric Balentine was not the Sheriff of Colbert County at the time of the incident. Plaintiff makes no allegation that Sheriff Balentine was personally involved or directly participated in the actions (or was even present) at the scene upon which his Complaint is based. Therefore, Sheriff Balentine is sued based on his role as a supervisor and policymaker. In addition, Plaintiff's asserts that he is suing Sheriff Eric Balentine in his official capacity. According to the Complaint, Plaintiff has only requested compensatory relief. (Doc. 1) Furthermore, Plaintiff has failed to allege how the Sheriff, as a policy maker, had notice that the customs or policies of his Sheriff's Office were deficient and would lead to a deprivation of constitutional rights in this manner-particularly when he was not the sheriff.

3. The *Monell* Liability claim under 42 U.S.C. 1983 is inapplicable and has been erroneously asserted by the Plaintiff. The *Monell* Liability is applicable to municipalities. As a result, Count III is due to be dismissed.

4. Plaintiff fails to state a plausible claim on the face of the complaint due to defendant Eric Balentine not being Sheriff of Colbert County. As a result, all claims against Defendant Eric Balentine should be dismissed.

## STANDARD OF REVIEW

Defendant invokes Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil

Procedure as the basis for his Motion to Dismiss. In regard to the Rule 12(b)(1) challenge, Defendant asserts that the Complaint, on its face, lacks an adequate basis for subject matter jurisdiction over Plaintiff's state-tort claims. In reviewing these claims, the Court merely is to look and see if the Plaintiff has sufficiently alleged a basis of subject matter jurisdiction. *McElmurray v. Consol. Government of Augusta – Richmond County*, 501 F.3d 1244 (11th Cir. 2007). As in a facial attack under Rule 12(b)(6), the Court must take as true the allegations alleged. *See Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271 (11th Cir. 2009).

In regard to the Rule 12(b)(6) challenge, the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, rejected the "no set of facts" standard for determining the sufficiency of a complaint challenged by a Rule 12(b)(6) motion. 550 U.S. 544, 546 (2007).[1] Under Rule 8(a) there must be a "'statement of circumstances, occurrences, and events in support of the claim presented and . . . not . . . a pleader's 'bare averment that he wants relief and is entitled to it.'" *Twombly*, 550 U.S. at 555 n.3 (citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's

---

[1] In *Twombly*, the Supreme Court abrogated the oft-cited standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Twombly*, 550 U.S. at 561 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The Court stated that the "no set of facts" standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 546.

obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* To survive a motion to dismiss, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level," *Id.*, as the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court elaborated on the principles behind its holding in *Twombly*.

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.* . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, *but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.* Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But *where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" – "that the pleader is entitled to relief."*

*Iqbal*, 556 U.S. at 678-79 (internal citations and quotations omitted) (emphasis added).

# ARGUMENT

## I. SHERIFF ERIC BALENTINE IS ENTITLED TO STATE IMMUNITY AS TO THE STATE LAW CLAIMS.

Plaintiff's Complaint erroneously establishes that Defendant Balentine is and was the Sheriff of Colbert County, Alabama at the time of the incident. (Doc. 1) Thus, the state-tort claims set forth in the Complaint for Counts VI, VII, and VIII must be dismissed. Alabama's Constitution codifies the longstanding legal principle that sovereign States are immune from suit, providing that the State of Alabama shall never be made a defendant in any court of law or equity." Ala. Const. 1901, Art. I § 14. Section 14 applies not only to suits against the State and its agencies, but to "official-capacity" suits against State officers, employees, and agents. "The law is clear in Alabama that sheriffs are constitutionally established executive officers of the State of Alabama." *Ex parte Sumter County*, 953 So. 2d 1235, 1239 (Ala. 2006). Under Article I, § 14, of the *Alabama Constitution*, both sheriffs and deputy sheriffs have absolute immunity from tort claims when "acting within the line and scope of their employment." *Ex parte Sumter County*, 953 So. 2d at 1239. In this case, Sheriff Balentine was not the sheriff at the time of the incident.[2] Nevertheless, the Plaintiff erroneously has brought action against him as such. Assuming that he was Sheriff during the incident at issue, the Sheriff would have been acting within the line and

---

[2] Defendant Eric Balentine was sworn in as the Colbert County Sheriff on January 15, 2023.

scope of his employment upon the incident involving the Plaintiff as supervisor of the Sheriff's Office.

Courts reviewing this issue have consistently ruled that State immunity bars tort claims against Alabama sheriffs. *See e.g. Ex parte Sumter County*, 953 So. 2d 1235, 1240 (Ala. 2006) (reversing a trial court's failure to grant State immunity to a sheriff and deputy sheriffs arising from wrongful death claims); *Ex parte Purvis*, 689 So. 2d 794, 795-96 (Ala. 1996) (granting a writ of mandamus on the trial court's failure to grant State immunity on claims alleging willful conduct); *King v. Colbert County*, 620 So. 2d 623, 626 (Ala. 1993) (holding that a sheriff entitled to state immunity arising from acts performed in his capacity as sheriff); *Hereford v. Jefferson County*, 586 So. 2d 209, 210 (Ala. 1991); *Parker v. Amerson*, 519 So. 2d 442, 445 (Ala. 1987) (holding a sheriff immune from suit although sued individually, and as Sheriff and declaring the portion of an Alabama statute purporting to make sheriffs civilly liable unconstitutional).

In the present case, the Plaintiff alleges state claims for Assault and Battery (Count VI); Negligence (Count VII); and Intentional Infliction of Emotional Distress (Count VIII). These claims are made against Defendant Eric Balentine in his official capacity as Sheriff of Colbert County. The claims asserted in the Complaint do not rise to the level to state a claim of relief that is plausible on its face. Also, the Plaintiff is seeking monetary damages for these official capacity claims which are an

impermissible attempt to reach the public coffers. In addition, the Plaintiff's Complaint fails to allege that Defendant Balentine was ever directly involved or gave orders in the alleged incident. This would be impossible due to him not being the Sheriff at the time of the incident. The Complaint makes erroneous and conclusionary allegations against the Defendant that cannot stand.

II. **SHERIFF BALENTINE IS ENTITLED TO QUALIFIED IMMUNITY.**

Sheriff Balentine is entitled to qualified immunity regarding the constitutional claims presented in Count I (Unlawful arrest and seizure); Count II (Deprivation of civil rights by retaliatory arrest; Count III (Excessive force); Count IV (Failure to Intervene and Count V (*Monell* Liability). In order to receive qualified immunity, the Defendant must first show that he was acting within the scope of his discretionary authority. *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002). In this case, from a review of the Complaint, Sheriff Balentine is entitled to qualified immunity. Although the Complaint is vague in its description of defendants in many aspects, it does describe Balentine as the Sheriff of Colbert County and that he was acting under his discretionary authority. (Doc. 1) Assuming that Defendant Balentine was the Sheriff at the time of the incident, the Complaint establishes that Sheriff Balentine would have been acting within his discretionary authority.

In order to avoid dismissal pursuant to Rule 12(b)(6), Plaintiff has the burden of showing that the Defendant violated one of Plaintiff's clearly established rights.

*Id.* "This burden is not easily discharged: that qualified immunity protects government actors is the usual rule; only in exceptional cases will government actors have no shield against claims made against them in their individual capacities." *Foy v. Holston*, 94 F.3d 1528, 1532 (11th Cir. 1996) (internal quotations omitted) (quoting *Lassiter v. Alabama A&M University Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994)). The doctrine of qualified immunity recognizes that suits against officials such as the Sheriff's Department Defendants "involve substantial costs not only for the individual official – who incidentally may be innocent – but for society in general," including as follows:

> . . . the expenses of litigation, the diversion of official energy from pressing public issues, and the deterrence of able citizens from acceptance of public office. Finally, there is the danger that fear of being sued will dampen the ardor of all but the most resolute, or the most irresponsible public officials, in the unflinching discharge of their duties.

*Id.* (internal alterations omitted) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 814 (1982)).

"Qualified immunity 'gives government officials breathing room to make reasonable but mistaken judgments, and 'protects all but the plainly incompetent or those who knowingly violate the law.'" *Messerschmidt v. Millender, 565 U.S. 535, 546 (2012).* (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986))). The analysis does not take into account the

officer's alleged subjective intent; rather, it "turns on the 'objective legal reasonableness' of the action, assessed in light of the legal rules that were clearly established at the time it was taken." *Id.* (citations omitted). Thus, in order to overcome a public official's entitlement to qualified immunity, a plaintiff must be able to establish not only that the public official acted wrongfully, but also be able to point the Court to law existing at the time of the alleged violation that provided "fair warning" that the conduct of the defendants was illegal. *Willingham v. Loughnan*, 321 F.3d 1299, 1301 (11th Cir. 2003).

In *Saucier v. Katz*, the United States Supreme Court mandated that a two-step test be applied in all cases in which qualified immunity is raised, as follows: "the first inquiry must be whether a constitutional right would have been violated on the facts alleged; second, assuming the violation is established, the question whether the right was clearly established must be considered." 533 U.S. 194, 200 (2001). However, in *Pearson v. Callahan*, the Supreme Court recognized that there are cases in which it is apparent that, whatever the exact contours of the constitutional right at issue, this right was obviously not clearly established at the time of the alleged violation. 555 U.S. 223, 236 (2009). The *Pearson* Court noted that this situation often occurs at the 12(b)(6) stage when the plaintiffs fail to put enough factual allegations in their complaint to allow either the defendant officials or the court to adequately analyze the constitutional issues. *Id.* at 238-39; *see also Aschroft*, 131 S.

Ct. at 2080. Thus, although the Court has maintained the same basic standard for determining whether a defendant official is entitled to qualified immunity (*i.e.*, whether the plaintiff can show that the defendant official committed a violation of a clearly established right) it no longer requires courts to use *Saucier's* rigid two-step process in analyzing the issue. *Id.*

Here, the Plaintiff erroneously asserts that Sheriff Eric Balentine was occupying the official designation of Sheriff during the time of the incident. This carelessness is ridiculous and offends the judicial economy. The lack of factual specificity in the Complaint regarding the alleged actions of Sheriff Balentine during the no contact that he had with Plaintiff qualifies this case to fall within the ambit of *Pearson*. While the Complaint is replete with conclusory allegations, it lacks facts as to the role of this Defendant during the time in question. In fact, the entirety of plaintiff's claims relies on the supervisor status of the Sheriff, and it does not allege that Sheriff Balentine ever had direct involvement with Long. The Complaint further sets forth no facts that could be construed to demonstrate a pattern of behavior that would have put Sheriff Balentine on notice. (Doc. 1) The Complaint relies on that premise that Sheriff Balentine is at fault even though he was not the sheriff at the time. The Complaint is essentially that the Plaintiff was wronged, so Sheriff Balentine is at fault. This type of generalized allegation is insufficient. As a result, the Sheriff Balentine should be entitled to qualified immunity.

## III. MONELL LIABILITY IS INAPPLICABLE TO SHERIFF BALENTINE

*Monell* liability is inapplicable because Sheriff Balentine is an individual rather than municipal defendant. If Sheriff Balentine was actually a policy maker for the county, then *Monell* liability could plausibly apply to Colbert County. *McMillian v. Monroe Cty., Ala.*, 520 U.S. 781, 783 (1997) (stating "[i]f the sheriff's actions constitute county 'policy,' then the county is liable for them") (citing *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694 (1978)). Although Colbert County is a defendant in this case, nevertheless, *Monell* still would not apply because Sheriff Balentine is an executive officer of the State of Alabama rather than a county employee. *McMillian*, 520 U.S. at 793 (concluding that "Alabama sheriffs, when executing their law enforcement duties, represent the State of Alabama, not their counties").

## IV. BECAUSE SHERIFF BALENTINE WAS NOT THE SHERIFF AT THE TIME OF THE INCIDENT, PLAINTIFF FAILS TO STATE A PLAUSIBLE CLAIM AGAINST HIM

At the time of the incident, Eric Balentine was not the Sheriff of Colbert County. According to Plaintiff's Complaint, he erroneously sues Sheriff Balentine for claims that would be impossible to sustain. In *Bell Atlantic Corp. v. Twombly*, the Supreme Court abrogated a standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 550 U.S. at

561(2007) In the present case, it is without a doubt that the Plaintiff cannot prove Defendant Eric Balentine was the Sheriff of Colbert County at the time of the incident. In fact, Defendant Balentine was sworn in January 15, 2023. As a result, all of these meritless claims against him as sheriff are egregious, inadequate, and are due to be dismissed.

## CONCLUSION

WHEREFORE based on the foregoing, Defendant requests that Plaintiff's Complaint be dismissed with prejudice.

Respectfully submitted this 26th day of June, 2023.

        **s/J. Randall McNeill**
        J. RANDALL MCNEILL (ASB-4841-E29J)
        Attorney for Defendant Sheriff Eric Balentine
        WEBB MCNEILL WALKER PC
        One Commerce Street, Suite 700 (36104)
        P.O. Box 238
        Montgomery, Alabama 36101-0238
        (334) 262-1850 – T
        (334) 262-1889 – F
        rmcneill@wmwfirm.com

# CERTIFICATE OF SERVICE

I hereby certify that on this the 26th day of June 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Harry M. Daniels, Esq.
4751 Best Road Suite 490
Atlanta, GA 30337
daniels@harrymdaniels.com

Dr. Roderick Van Daniel, Esq.
1501 15th Avenue South, Suite 34
Birmingham, AL 35205
Roddaniel205@gmail.com

**s/J. Randall McNeill**
OF COUNSEL