IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| **MARVIN EUGENE LONG,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:23-CV-00731-LCB |
| | ) |
| **CITY OF SHEFFIELD, ALABAMA, COUNTY OF COLBERT, ALABAMA, MAX DOTSON, in his individual capacity; DANIEL CREWS, in his individual capacity; TOMMY MILLS, in his individual capacity; BRADLEY SKIPWORTH, in his individual capacity, TIM VANDERFORD, in his Individual capacity; CURTIS BURNS, in his individual capacity, BRETT EVANS, in his individual capacity; CHIEF RICKY TERRY, in his official capacity; SHERIFF ERIC BALENTINE, in his official capacity, TYLER EVANS, in his individual capacity; JONATHAN HARKINS, in his individual capacity; SHEFFIELD POLICE DEPT, COLBERT COUNTY SHERIFF'S OFFICE, and MAYOR STEVE STANLEY, in his official capacity.** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## COLBERT COUNTY SHERIFF'S OFFICE'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

COMES NOW the Colbert County Sheriff's Office, a Defendant in the above-styled cause, and submits this Brief in support of its Motion to Dismiss filed

contemporaneously herewith. The Defendant moves this Honorable Court to dismiss Plaintiff's claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6). As grounds for so moving, the Defendant states as follows:

## INTRODUCTION

On June 5, 2023, Plaintiff filed a Complaint (Doc. 1) wherein he listed the Colbert County Sheriff's Office as a defendant and attempted to impute liability on this entity. According to the Plaintiff's Complaint, he asserts several claims against the Colbert County Sheriff's Office of under *Monell*- Municipal Liability for unconstitutional custom or policy (Count V). In response, the Defendant states the following:

1. Plaintiff's claims against the Colbert County Sheriff's Office are due to be dismissed as the Sheriff's Office is not a legal entity subject to suit.

## STANDARD OF REVIEW

The Colbert County Sheriff's Office invokes Rule 12(b)(6) of the Federal Rules of Civil Procedure as the basis for its Motion to Dismiss. Under a Rule 12(b)(6) motion to dismiss, a court must accept the facts pleaded as true and construe those facts in a light favorable to the nonmoving party. *Quality Foods De Centro Am., S.A. v. Latin Am. Agribusiness*, 711 F. 2d 989, 994–95 (11th Cir. 1983). A court should draw all "reasonable inferences" in favor of the nonmovant. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002). The court should then

determine if the plaintiff has pled enough factual allegations in her complaint to raise a right to relief above the speculative level, and effectively state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## ARGUMENT

### I. The Colbert County Sheriff's Office is not an Entity Subject to Suit.

It is well-settled that a plaintiff must satisfy two elements to state a claim for relief under Section 1983. First, the plaintiff must allege that an act or omission deprived her of a right, privilege or immunity secured by the Constitution or laws of the United States. Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995). "State agencies and penal institutions are generally not considered legal entities subject to suit." *Bell v. Brown*, No. 6:17-cv-12 2017 WL 3473845 at *5 (S.D. Ga. Aug. 11, 2017) (citing *Grech v. Clayton County*, 335 F.3d 1326, 1343 (11th Cir. 2003)). Furthermore, in Alabama subordinate entities of municipalities, counties, and towns are not separate legal entities or bodies that have the capacity to sue or be sued in the absence of specific statutory authority. *Id.* (citing *Ex parte Dixon*, 55 So. 3d 1171, 1172 n.1 (Ala. 2010)).

The Eleventh Circuit has determined that a sheriff's office is not an entity subject to suit under Alabama law. *Dean v. Barber*, 951 F.2d 1210, 1214–15 (11th

3

Cir. 1992). Capacity to sue or be sued shall be determined by the law of the state in which the district court is held. *Id.* at 1215 (citing Fed. R. Civ. P. 17(b)) "It is clear under Alabama law that the sheriff's department is not a legal entity subject to suit." *Ex parte Haralson*, 853 So. 2d 928, 931 (Ala. 2003); *Dean*, 951 F.2d at 1215; *King v. Colbert County*, 620 So. 2d 623, 626 (Ala. 1993) (stating "[t]he Colbert County Sheriff's Department is not a legal entity. Therefore, one cannot maintain an action against it"); *Frith v. Baldwin County Sheriff's Office*, No. 07-0727-CG-B, 2008 WL 2441046, at *4 (S.D. Ala. June 16, 2008) (granting a motion to dismiss "because the Baldwin County Sheriff's Office lacks the capacity to be sued").

Here, the Colbert County Sheriff's Office was erroneously named as a defendant in this matter. Based on well established law, the Colbert County Sheriff's Office is not a separate legal entity that is subject to suit. Therefore, Plaintiff's claims are due to be dismissed.

This law is well established and should have been researched before the filing of this Complaint. Should the Plaintiff continue to maintain this suit against this Defendant, then Defendant will be seeking all costs, fees permitted under 42 U.S.C. § 1988.

## CONCLUSION

For the foregoing reasons, Plaintiff's claims against Defendant Colbert County Sheriff's Office are due to be dismissed. If this Court allows Plaintiff to submit an amended complaint, any inclusion of this Defendant is futile. Because this issue is so well settled, Defendant asks for a reimbursement of all fees and costs pursuant to 42 U.S.C. § 1988 in defense of this Defendant.

Respectfully submitted this 26th day of June, 2023.

**s/J. Randall McNeill**
J. RANDALL MCNEILL (ASB-4841-E29J)
Attorney for Defendant Colbert County Sheriff's Office
WEBB MCNEILL WALKER PC
One Commerce Street, Suite 700 (36104)
P.O. Box 238
Montgomery, Alabama 36101-0238
(334) 262-1850 – T
(334) 262-1889 – F
rmcneill@wmwfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 26th day of June 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Harry M. Daniels, Esq. | Dr. Roderick Van Daniel, Esq. |
| 4751 Best Road Suite 490 | 1501 15th Avenue South, Suite 34 |
| Atlanta, GA 30337 | Birmingham, AL 35205 |
| daniels@harrymdaniels.com | Roddaniel205@gmail.com |

**s/J. Randall McNeill**
OF COUNSEL