IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| **MARVIN EUGENE LONG,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:23-CV-00731-LCB |
| | ) |
| **CITY OF SHEFFIELD, ALABAMA, COUNTY OF COLBERT, ALABAMA, MAX DOTSON, in his individual capacity; DANIEL CREWS, in his individual capacity; TOMMY MILLS, in his individual capacity; BRADLEY SKIPWORTH, in his individual capacity, TIM VANDERFORD, in his Individual capacity; CURTIS BURNS, in his individual capacity, BRETT EVANS, in his individual capacity; CHIEF RICKY TERRY, in his official capacity; SHERIFF ERIC BALENTINE, in his official capacity, TYLER EVANS, in his individual capacity; JONATHAN HARKINS, in his individual capacity; SHEFFIELD POLICE DEPT, COLBERT COUNTY SHERIFF'S OFFICE, and MAYOR STEVE STANLEY, in his official capacity.** | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT COLBERT COUNTY, ALABAMA'S MEMORANDUM BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

COMES NOW Colbert County, Alabama, a Defendant in the above-styled action, and in support of its motion to dismiss, pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure, contemporaneously filed herewith, asserts the following:

## INTRODUCTION

According to the Plaintiff's Complaint, he asserts several claims against Colbert County, Alabama under *Monell* Liability (Count V) for unconstitutional custom or policy. In response, the Defendant asserts the following:

1. All claims against Colbert County, Alabama are due to be dismissed. As a matter of law, the Colbert County Sheriff's Office is an extension of the State. By law, Colbert County does not own, operate, direct, and/or control the Colbert County Sheriff's Office. (Doc. 1 ¶6)

## **STANDARD OF REVIEW**

Colbert County invokes Rule 12(b)(6) as the basis for its Motion to Dismiss because Plaintiff has presented legally implausible claims against it. Under a Rule 12(b)(6) motion to dismiss, a court must accept the facts plead as true and construe those facts in a light favorable to the nonmoving party. *Quality Foods De Centro Am., S.A. v. Latin Am. Agribusiness*, 711 F.2d 989, 994–95 (11th Cir. 1983). A court should draw all "reasonable inferences" in favor of the non-movant. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002).

In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court rejected the "no set of facts" standard for determining the sufficiency of a complaint

challenged by a Rule 12(b)(6) motion. 550 U.S. 544, 546 (2007).[1] Even under Rule 8(a) there must be a "'statement of circumstances, occurrences, and events in support of the claim presented' and . . . not . . . a pleader's 'bare averment that he wants relief and is entitled to it.'" *Twombly*, 550 U.S. at 555 n.3 (citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* To survive a motion to dismiss, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level," *Id.*, as the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court elaborated on the principles behind its holding in *Twombly*.

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.* . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime

---

[1] In *Twombly*, the Supreme Court abrogated the oft-cited standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Twombly*, 550 U.S. at 561 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The Court stated that the "no set of facts" standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 546.

3

> of a prior era, *but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions*. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But *where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" – "that the pleader is entitled to relief."*

*Iqbal*, 556 U.S. at 678-79 (internal citations and quotations omitted) (emphasis added).

## ARGUMENT

### I. ALL CLAIMS AGAINST COLBERT COUNTY CANNOT BE SUSTAINED AS A MATTER OF LAW.

The Alabama Supreme Court has held that "[s]heriffs are not county employees, particularly for purposes of imposing *respondeat superior* liability upon the county." *Ex parte Sumter County,* 953 So. 2d 1235, 1239 (Ala. 2006) Further, the United States Supreme Court in *McMillian* recognized that this notion is well established in Alabama law when it stated:

> Critically for our case, the Alabama Supreme Court has interpreted these provisions and their historical background as evidence of "the framers' intent to ensure that sheriffs be considered executive officers of the state." *Parker,* 519 So.2d, at 444. Based primarily on this understanding of the State Constitution, the court has held unequivocally that sheriffs are state officers, and that tort claims brought against sheriffs based on their official acts therefore constitute suits against the State, not suits against the sheriff's county. *Id.,* at 443–445.[5] Thus, Alabama counties are not liable under a theory of *respondeat superior* for a sheriff's official acts that are

4

> tortious. *Id.,* at 442. The issues in *Parker* are strikingly similar to the ones in the present case, and that decision is therefore strong evidence in favor of the Court of Appeals' conclusion that sheriffs act on behalf of the State, rather than the county, when acting in their law enforcement capacity.

*McMillian v. Monroe Cty., Ala.*, 520 U.S. 781, 789, 117 S. Ct. 1734, 1738–39, 138 L. Ed. 2d 1 (1997) (citing *Parker v. Amerson,* 519 So. 2d 442, 443-445 (Ala. 1987) (emphasis added). "Alabama's Constitution clearly denominates the sheriff as a member of the state's executive department." *Turquitt v. Jefferson County, Ala.*, 137 F.3d 1285, 1288 (11th Cir. 1998) (citing Ala. Const. of 1901, Art. V § 112). "[B]ecause a sheriff is an executive officer, 'a sheriff is not an employee of a county for the purposes of imposing liability on the county.'" *Turquitt,* 137 F.3d at 1288 (citing *Parker,* 519 So. 2d at 442).

Likewise, Colbert County cannot be held liable for the acts of Colbert County Sherriff's Department. Sheriffs and Sheriffs' deputies are not county employees. *Ex parte Sumter County,* 953 So. 2d at 1239 (explaining "sheriffs and deputy sheriffs are [both] executive officers of this State"). Under Alabama law, "[t]he deputy sheriff is the alter ego of the sheriff." *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1526 (11th Cir. 1990) (citing *Mosely v. Kennedy*, 17 So. 2d 536, 537 (1944)). Under Alabama law, acts of a deputy sheriff are, by extension, acts of the sheriff. *Hester v. Lowndes County Comm'n*, No. 2:06-cv-572-WHA, 2006 WL 2547430, at *6 (M.D. Ala. Sept. 1, 2006) (citing *Hereford v. Jefferson County*, 586 So. 2d 209, 210 (Ala.

1991)). "It follows, therefore, that a deputy sheriff is a state officer and not an employee of the county or the county commission." *Hester*, 2006 WL 2547430 at *6 (holding an Alabama County could not be held liable in *respondeat superior* for the acts of a county deputy).

Alabama law gives counties only the powers delegated to them by the legislature. *McMillian* 520 U.S. at 790. (characterizing Alabama counties as "creatures of the State who have only the powers granted to them by the State"). Law enforcement authority is not a power delegated to the counties. *McMillian*, 520 U.S. at 790 (stating "the 'powers and duties' of the counties themselves . . . do not include any provision in the area of law enforcement"). As a matter of law, one cannot be held liable for the actions of a person who is not an agent, servant, or employee. *Merrell v. Joe Bullard Oldsmobile, Inc.*, 529 So. 2d 943, 945 (Ala. 1988) (requiring that an agent commit a tort within the course and scope of the agent's employment before imposing liability on the agent's principal). Accordingly, Colbert County is due to be dismissed from this case.

## **CONCLUSION**

Based upon the foregoing, Defendant Colbert County, Alabama requests this Honorable Court issue an Order dismissing it from this action. Further, because this issue is well established, this Defendant requests reimbursement of all fees and costs pursuant to 42 U.S.C. § 1988.

Respectfully submitted this 26th day of June, 2023.

**s/J. Randall McNeill**
J. RANDALL MCNEILL (ASB-4841-E29J)
Attorney for Defendant Colbert County
WEBB MCNEILL WALKER PC
One Commerce Street, Suite 700 (36104)
P.O. Box 238
Montgomery, Alabama 36101-0238
(334) 262-1850 – T
(334) 262-1889 – F
rmcneill@wmwfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 26th day of June 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Harry M. Daniels, Esq.
4751 Best Road Suite 490
Atlanta, GA 30337
daniels@harrymdaniels.com

Dr. Roderick Van Daniel, Esq.
1501 15th Avenue South, Suite 34
Birmingham, AL 35205
Roddaniel205@gmail.com

**s/J. Randall McNeill**
OF COUNSEL