# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | |
|---|---|
| **MARVIN EUGENE LONG,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )**Civil Action No. 3:23-CV-00731-LCB** |
| | ) |
| **CITY OF SHEFFIELD, ALABAMA,** | ) |
| **COUNTY OF COLBERT, ALABAMA,** | ) |
| **MAX DOTSON, in his individual** | ) |
| **capacity; DANIEL CREWS, in his** | ) |
| **individual capacity; TOMMY MILLS,** | ) |
| **in his individual capacity; BRADLEY** | ) |
| **SKIPWORTH, in his individual** | ) |
| **capacity, TIM VANDERFORD, in his** | ) |
| **Individual capacity; CURTIS BURNS,** | ) |
| **in his individual capacity, BRETT** | ) |
| **EVANS, in his individual capacity;** | ) |
| **CHIEF RICKY TERRY, in his official** | ) |
| **capacity; SHERIFF ERIC** | ) |
| **BALENTINE, in his official capacity,** | ) |
| **TYLER EVANS, in his individual** | ) |
| **capacity; JONATHAN HARKINS, in** | ) |
| **his individual capacity; SHEFFIELD** | ) |
| **POLICE DEPT, COLBERT COUNTY** | ) |
| **SHERIFF'S OFFICE, and MAYOR** | ) |
| **STEVE STANLEY, in his official** | ) |
| **capacity.** | ) |
| | ) |
| **Defendants.** | ) |

## DANIEL CRUISE[1] TOMMY MILLS, BRADLEY SKIPWORTH, TIM VANDERFORD, JONATHAN HARKINS, AND TYLER EVANS'S BRIEF

---

[1] Deputy Daniel Cruise's name was misspelled in the Plaintiff's Complaint. According to the Plaintiff's Complaint, Deputy Daniel Cruise is spelled Daniel Crew.

1

## IN SUPPORT OF THIER MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT[2]

COME NOW Defendants Daniel Cruise, Tommy Mills, Bradley Skipworth, Tim Vanderford, Jonathan Harkins, and Tyler Evans and file this memorandum brief in support of their contemporaneously filed Motion to Dismiss, or in the alternative Motion for More Definite Statement. Defendants so move pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(e) for the following reasons:

### INTRODUCTION

In his complaint, Plaintiff asserts several claims against Defendants Daniel Cruise, Tommy Mills, Bradley Skipworth, Tim Vanderford, Jonathan Harkins, and Tyler Evans of: Unlawful Arrest and Seizure in violation of Fourth Amendment (Count I); deprivation of Civil Rights by Retaliatory Arrest Against First Amendment (Count II); excessive force in violation of the Fourth Amendment (Count III); Failure to Intervene in violation of the Fourth Amendment (Count IV); *Monell* Liability (Count V); Assault and Battery (Count VI); Negligence (Count VII); and Intentional Infliction of Emotional Distress (Count VIII). In response, the Defendants state the following:

1.      Defendants Daniel Cruise, Tommy Mills, Bradley Skipworth, Tim Vanderford, Jonathan Harkins, and Tyler Evans are entitled to absolute immunity as to the state-law claims set out in Complaint. They are extensions of the Sheriff. As

---

[2] Officer Curtis Burns is an employee of the City of Sheffield Police Department who worked with the Drug Task Force. Burns was misidentified in the Plaintiff's Complaint.

a result, all of the Plaintiff's state tort claims (Count VI, VII, and VIII) must be dismissed.

2.    Defendants Daniel Cruise, Tommy Mills, Bradley Skipworth, Tim Vanderford, Jonathan Harkins, and Tyler Evans are entitled to qualified immunity as it relates to the Plaintiff's constitutional violation claims. The Defendants preface this assertion by noting Plaintiff's allegations are vague. The Complaint does not allege substantive factual allegations to sustain these claims. Most importantly, the deputies listed were not directly involved with this incident. In fact, they were three houses down from the incident in question. Therefore, Plaintiff's Count I, II, III, and IV are due to be dismissed.

3.    The *Monell* Liability claim under 42 U.S.C. 1983 is inapplicable and has been erroneously asserted by the Plaintiff. The *Monell* Liability is applicable to municipalities. As a result, Count V is due to be dismissed.

4.    Plaintiff makes no allegation that Defendants Daniel Cruise, Tommy Mills, Bradley Skipworth, Tim Vanderford, Jonathan Harkins, and Tyler Evans were personally involved or directly participated in the actions at the scene upon which his Complaint is based. The Plaintiff groups multiple defendants into a collective manner. Plaintiff's complaint never alleges any direct activity from defendants Daniel Cruise, Tommy Mills, Bradley Skipworth, Tim Vanderford, Jonathan Harkins, and Tyler Evans. Plaintiff relies on his shotgun pleading to hopefully substantiate these false and conclusory allegations.

## STANDARD OF REVIEW

Defendants invoke Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure as the basis for his Motion to Dismiss. In regard to the Rule 12(b)(1) challenge, they assert that certain allegations in the Complaint on its face lack an adequate basis for subject matter jurisdiction over Plaintiff's claims as well as any official capacity claims asserted in the Complaint. In reviewing these claims, the Court merely is to look and see if the Plaintiff has sufficiently alleged a basis of subject matter jurisdiction. *McElmurray v. Consol. Government of Augusta – Richmond County*, 501 F.3d 1244 (11th Cir. 2007). As in a facial attack under Rule 12(b)(6), the Court must take as true the allegations alleged. *See Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F. 3d 1271 (11th Cir. 2009).

Under Rule 12(b)(6) Motion to Dismiss, a court must accept the facts pleaded as true and construe those facts in a light favorable to the nonmoving party. *Quality Foods De Centro Am., S.A. v. Latin Am. Agribusiness*, 711 F. 2d 989, 994–95 (11th Cir. 1983). A court should draw all "reasonable inferences" in favor of the nonmovant. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002).

In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court rejected the "no set of facts" standard for determining the sufficiency of a complaint challenged by a Rule 12(b)(6) motion. 550 U.S. 544, 546 (2007).[3] Even under Rule

---

[3] In *Twombly*, the Supreme Court abrogated the oft-cited standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Twombly*, 550 U.S. at 561 (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). The Court stated that the "no set of

8(a) there must be a "'statement of circumstances, occurrences, and events in support of the claim presented' and . . . not . . . a pleader's 'bare averment that he wants relief and is entitled to it.'" *Twombly*, 550 U.S. at 555 n.3 (citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. To survive a motion to dismiss, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id*. "Factual allegations must be enough to raise a right to relief above the speculative level," *Id.,* as the complaint must contain "enough facts to state a claim to relief that is <u>plausible</u> on its face." *Id*. at 570 (emphasis added).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court elaborated on the principles behind its holding in *Twombly*.

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. **Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice**. . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, **but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions**. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and

---

facts" standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 546.

common sense. But **where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief**."

*Id.* at 678–79 (internal citations and quotations omitted) (emphasis added).

Regarding a Rule 12(e) motion, "when a plaintiff fails to identify key facts, unduly increasing the burden of understanding the factual allegations, district courts may grant a 12(e) motion for a more definite statement. *Tolbert v. High Noon Productions, LLC*, 2019 WL 127363 at *3 (N.D. Ala. Jan. 8, 2019) (citing *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1324 (11th Cir. 2015)).

## ARGUMENT

### I.  DEFENDANTS ENJOY STATE IMMUNITY FROM PLAINTIFF'S STATE LAW TORT CLAIMS.

The legal basis for Daniel Cruise, Tommy Mills, Bradley Skipworth, Tim Vanderford, Jonathan Harkins, and Tyler Evans absolute state immunity is straightforward and well settled. The Alabama Constitution of 1901 prohibits suits against the State. *See* Alabama Constitution of 1901, Art. I, § 14. Under the Alabama Constitution of 1901, sheriffs are executive officers of the State of Alabama. Alabama Constitution of 1901, Art. V § 112; *Parker v. Amerson*, 519 So. 2d 442, 442–43 (Ala. 1987); *Oliver v. Townsend*, 534 So. 2d 1038, 1044 (Ala. 1988); *Hereford v. Jefferson County*, 586 So. 2d 209, 210 (Ala. 1991); *see also McMillian v. Monroe County*, 520 U.S. 781, 117 S. Ct. 1734 (1997) (holding that an Alabama sheriff represents the State of Alabama when executing law enforcement duties).

Suits against Alabama sheriffs are therefore prohibited because they are suits against the State. *Ex parte Sumter County*, 953 So. 2d 1235, 1239–40 (Ala. 2006); *Hereford*, 586 So. 2d at 210; *Oliver*, 534 So.2d at 1044; *Parker*, 519 So. 2d at 442–43; *see also Ex parte Donaldson*, 80 So. 3d 895, 897 (Ala. 2011); *see also Ex parte Haralson*, 853 So. 2d 928, 932 (Ala. 2003); *see also Alexander v. Hatfield*, 652 So. 2d 1142, 1143–44 (Ala. 1994); *see also Wright v. Bailey*, 611 So. 2d 300, 303 (Ala. 1992). The immunity provided by Article I § 14 of the Alabama Constitution "has been described as a **nearly impregnable and almost invincible wall**" that provides "**an unwaivable, absolute immunity from suit in any court.**" *Ex parte Donaldson*, 80 So. 3d 895 at 897 (emphasis added).

Deputy sheriffs are legal extensions of the sheriff and are, likewise, considered officers of the State of Alabama. *Alexander v. Hatfield*, 653 So. 2d 1142, 1143–44 (Ala. 1994); *Horton v. Morgan County Sheriff's Dept.*, No. 5:16-cv-00923-CLS, 2016 WL 6576986 at *11 (N.D. Ala. Nov. 7, 2016); *Caldwell v. Brogden*, 678 So. 2d 1148, 1151 (Ala. Civ. App. 1996); *see also Ex parte Blankenship*, 893 So. 2d 303, 305 (Ala. 2004) ("[A]n action against a sheriff – or deputy sheriff – for damages arising out of the performance of his duties is 'essentially a suit against the state.'"). "In general, the acts of the deputy sheriff are the acts of the sheriff. The deputy sheriff is the alter ego of the sheriff." *Hereford v. Jefferson County*, 586 So. 2d 209, 210 (Ala. 1991). Accordingly, the deputy sheriff's acts enjoy the same immunity from state law claims as those enjoyed by the sheriff. *Carr v. City of Florence, Ala.*,

916 F.2d 1521, 1526 (11th Cir. 1990); *Ex parte Burnell*, 90 So. 3d 708, 711 (Ala. 2012); *Drain v. Odum*, 631 So. 2d 971, 972 (Ala. 1994); *Wright v. Bailey*, 611 So. 2d 300, 303 (Ala. 1992).

Officers enjoy state sovereign immunity for acts performed in the line and scope of their employment. *Ex parte Donaldson*, 80 So. 3d 895, 897 (Ala. 2011); *Ex parte Walker*, 97 So. 3d 747, 751(Ala. 2012) (citing *Hereford*, 586 So. 2d at 210); *Mosely v. Kennedy*, 17 So. 2d 536, 537 (1944); *see also Phillips v. Thomas*, 555 So. 2d 81, 83 (Ala. 1989); *Wright v. Bailey*, 611 So. 2d 300, 303 (1992); *Drain v. Odom*, 631 So. 2d 971 (Ala. 1994); *Alexander* 652 So. 2d at 1144). Moreover, absolute state sovereign immunity "applies to state officers sued in either their official or individual capacities for state-law causes of action." *Garcia v. Casey*, No.2:18-CV-02079-KOB, 2020 WL 704848 at *7 (N.D. Ala. Feb. 12, 2020) (citing *Tinney v. Shores*, 77 F.3d 378, 382–83 (11th Cir. 1996)).

The Defendants Daniel Cruise, Tommy Mills, Bradley Skipworth, Tim Vanderford, Jonathan Harkins, and Tyler Evans are extensions of the Sheriff of Colbert. According to the complaint, the Plaintiff states the following:

> 7. Defendant Daniel Crews was a citizen of the United States and a resident of the State of Alabama and was acting under color of state law in his capacity as a law enforcement officer employed by the County of Colbert as a deputy with Colbert County Sheriff's Office. Defendant Daniel Crews is sued in his individual capacity.

> 8. Defendant Tommy Mills was a citizen of the United States and a resident of the State of Alabama and was acting under color of state law in his capacity as a law enforcement officer employed by the County of Colbert as a deputy with Colbert County Sheriff's Office. Defendant

Tommy Mills is sued in his individual capacity.

9. Defendant Bradley Skipworth was a citizen of the United States and a resident of the State of Alabama and was acting under color of state law in his capacity as a law enforcement officer employed by the County of Colbert as a deputy with Colbert County Sheriff's Office. Defendant Bradley Skipworth is sued in his individual capacity.

11. Defendant Johnathan Harkins was a citizen of the United States and a resident of the State of Alabama and was acting under color of state law in his capacity as a law enforcement officer employed by the County of Colbert as a deputy with Colbert County Sheriff's Office. Defendant Jonathan Harkins is sued in his individual capacity.

12. Defendant Tim Vanderford was a citizen of the United States and a resident of the State of Alabama and was acting under color of state law in his capacity as a law enforcement officer employed by the County of Colbert as a deputy with Colbert County Sheriff's Office. Defendant Tim Vanderford is sued in his individual capacity.

13. Defendant Tyler Evans was a citizen of the United States and a resident of the State of Alabama and was acting under color of state law in his capacity as a law enforcement officer employed by the County of Colbert as a deputy with Colbert County Sheriff's Office. Defendant Tyler Evans is sued in his individual capacity.

(Doc. 1, ¶ 7,8,9,11,12,13) As a result, they enjoy the same immunity of the Sheriff. Throughout the Complaint, the Plaintiff repeatedly asserts that the Defendants were acting with the course of scope of their employment. (Doc. 1, ¶ 7,8,9,11,12,13) Therefore, Plaintiff has sued Defendants for actions taken within the line and scope of their employment, and Defendants are entitled to state immunity from these claims.

## II.  PLAINTIFF'S INDIVIDUAL CAPACITY CLAIMS AGAINST CRUISE, MILLS, SKIPWORTH, VANDERFORD, HARKINS, AND TYLER EVANS ARE DUE TO BE DISMISSED BECAUSE THEY ARE ENTITLED TO QUALIFIED IMMUNITY.

Defendants Daniel Cruise, Tommy Mills, Bradley Skipworth, Tim Vanderford, Jonathan Harkins, and Tyler Evans are entitled to qualified immunity regarding the constitutional claims presented in Count I (Unlawful arrest and seizure); Count II (Deprivation of civil rights by retaliatory arrest); Count III (Excessive force); and Count IV (Failure to Intervene and Count V (*Monell* Liability). In order to receive qualified immunity, the Defendant must first show that he was acting within the scope of his discretionary authority. *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002). In this case, from a review of the Complaint, Defendants Daniel Cruise, Tommy Mills, Bradley Skipworth, Tim Vanderford, Jonathan Harkins, and Tyler Evans are entitled to qualified immunity. Although the Complaint is vague in its description of defendants in many aspects, it does describe Defendants Daniel Cruise, Tommy Mills, Bradley Skipworth, Tim Vanderford, Jonathan Harkins, and Tyler Evans as deputy sheriffs of Colbert County and that they were acting under their discretionary authority. (Doc. 1, ¶ 7,8,9,11,12,13)

In order to avoid dismissal pursuant to Rule 12(b)(6), Plaintiff has the burden of showing that the Defendants violated one of Plaintiff's clearly established rights. *Id.* "This burden is not easily discharged: that qualified immunity protects government actors is the usual rule; only in exceptional cases will government actors have no shield against claims made against them in their individual capacities." *Foy*

*v. Holston*, 94 F.3d 1528, 1532 (11th Cir. 1996) (internal quotations omitted) (quoting *Lassiter v. Alabama A&M University Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994)). The doctrine of qualified immunity recognizes that suits against officials such as the Sheriff's Department Defendants "involve substantial costs not only for the individual official – who incidentally may be innocent – but for society in general," including as follows:

> . . . the expenses of litigation, the diversion of official energy from pressing public issues, and the deterrence of able citizens from acceptance of public office. Finally, there is the danger that fear of being sued will dampen the ardor of all but the most resolute, or the most irresponsible public officials, in the unflinching discharge of their duties.

*Id.* (internal alterations omitted) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 814 (1982)).

"Qualified immunity 'gives government officials breathing room to make reasonable but mistaken judgments, and 'protects all but the plainly incompetent or those who knowingly violate the law.'" *Messerschmidt v. Millender, 565 U.S. 535, 546 (2012).* (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986))). The analysis does not take into account the officer's alleged subjective intent; rather, it "turns on the 'objective legal reasonableness' of the action, assessed in light of the legal rules that were clearly established at the time it was taken." *Id.* (citations omitted). Thus, in order to overcome a public official's entitlement to qualified immunity, a plaintiff must be able to establish not only that the public official acted wrongfully, but also be able

to point the Court to law existing at the time of the alleged violation that provided "fair warning" that the conduct of the defendants was illegal. *Willingham v. Loughnan*, 321 F.3d 1299, 1301 (11th Cir. 2003).

In *Saucier v. Katz*, the United States Supreme Court mandated that a two-step test be applied in all cases in which qualified immunity is raised, as follows: "the first inquiry must be whether a constitutional right would have been violated on the facts alleged; second, assuming the violation is established, the question whether the right was clearly established must be considered." 533 U.S. 194, 200 (2001). However, in *Pearson v. Callahan*, the Supreme Court recognized that there are cases in which it is apparent that, whatever the exact contours of the constitutional right at issue, this right was obviously not clearly established at the time of the alleged violation. 555 U.S. 223, 236 (2009). The *Pearson* Court noted that this situation often occurs at the 12(b)(6) stage when the plaintiffs fail to put enough factual allegations in their complaint to allow either the defendant officials or the court to adequately analyze the constitutional issues. *Id.* at 238-39; *see also Aschroft*, 131 S. Ct. at 2080. Thus, although the Court has maintained the same basic standard for determining whether a defendant official is entitled to qualified immunity (*i.e.*, whether the plaintiff can show that the defendant official committed a violation of a clearly established right) it no longer requires courts to use *Saucier's* rigid two-step process in analyzing the issue. *Id.*

Here, the Plaintiff carelessly lumps all the multiple defendants into several

claims. (Doc. 1) The Plaintiff fails to identify what specific acts each defendant has allegedly committed. This carelessness is ridiculous and offends the judicial economy. The lack of factual specificity in the Complaint regarding the alleged actions of Defendants Daniel Cruise, Tommy Mills, Bradley Skipworth, Tim Vanderford, Jonathan Harkins, and Tyler Evans during the incident qualifies this case to fall within the ambit of *Pearson*. While the Complaint is replete with conclusory allegations, it lacks facts as to the roles of these Defendants during the time in question. In addition, some of these Defendants were not even at the house where the incident occurred. As a result, Defendants Daniel Cruise, Tommy Mills, Bradley Skipworth, Tim Vanderford, Jonathan Harkins, and Tyler Evans should be entitled to qualified immunity.

### III. PLAINTIFF'S OFFICIAL CAPACITY CLAIMS AGAINST CRUISE, MILLS, SKIPWORTH, VANDERFORD, HARKINS, AND TYLER EVANS ARE DUE TO BE DISMISSED.

Any official claims under 42 U.S.C. § 1983 against Daniel Cruise, Tommy Mills, Bradley Skipworth, Tim Vanderford, Jonathan Harkins, and Tyler Evans are due to be dismissed. Although Plaintiff initially asserts that he is suing Defendants Daniel Cruise, Tommy Mills, Bradley Skipworth, Tim Vanderford, Jonathan Harkins, and Tyler Evans in their individual capacity, Plaintiff misleadingly makes several assertations of them operating in their official capacity. According to the Complaint, it alleges the following:

94. All individual Defendants, at all times relevant hereto, were acting under the color of state law in their capacities as officers for the Sheffield Police

Department in Sheffield, Alabama and the Colbert County Sheriff's Office in Tuscumbia, Alabama and their acts or omissions were conducted within the scope of their office duties or employment.

(Doc. 1) Such official capacity claims against Daniel Cruise, Tommy Mills, Bradley Skipworth, Tim Vanderford, Jonathan Harkins, and Tyler Evans fail because 42 U.S.C. § 1983 prohibits a person, acting under color of law, from depriving another of his rights secured by the United States Constitution. 42 U.S.C. § 1983. The Supreme Court of the United States has held that states and state officials in their official capacities are not "persons" subject to liability under § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). The official capacity claims against Defendants Daniel Cruise, Tommy Mills, Bradley Skipworth, Tim Vanderford, Jonathan Harkins, and Tyler Evans should be dismissed because they are not a "person" under § 1983 and thus all official capacity claims fail to state a claim upon which relief can be granted. *Id.*; *see also Carr v. City of Florence*, 918 F.2d 1521, 1525 n.3 (11th Cir. 1990) (stating "the Supreme Court held that states and state officials acting in their official capacities are not "persons" subject to liability under 42 U.S.C. § 1983").

Additionally, Section 1983 claims for damages against Daniel Cruise, Tommy Mills, Bradley Skipworth, Tim Vanderford, Jonathan Harkins, and Tyler Evans in their official capacity are barred by the Eleventh Amendment to the United States Constitution. *Parker v. Williams*, 862 F.2d 1471, 1476 (11th Cir. 1989) (holding a sheriff sued in his official capacity is entitled to Eleventh Amendment immunity);

*see also Free v. Granger*, 887 F.2d 1552, 1557 (11th Cir. 1989) (holding that a sheriff sued in his official capacity is entitled to Eleventh Amendment immunity) *overruled on different grounds by Turquitt v. Jefferson Cty., Ala.*, 137 F.3d 1285 (11th Cir. 1998). The Eleventh Circuit has subsequently held that a sheriff's Eleventh Amendment immunity also extends to deputy sheriffs because of their "traditional function under Alabama law as the sheriffs alter ego." *Carr v. City of Florence, Alabama*, 916 F.2d 1521, 1527 (11th Cir. 1990).

According to Plaintiff's Complaint, Daniel Cruise, Tommy Mills, Bradley Skipworth, Tim Vanderford, Jonathan Harkins, and Tyler Evans were acting under the color of state law in their capacity as officers . . . Colbert County Sheriff Office . . . and their acts or omission were conducted within their official duties or employment. Official capacity claims are barred by the Eleventh Amendment. Daniel Cruise, Tommy Mills, Bradley Skipworth, Tim Vanderford, Jonathan Harkins, and Tyler Evans are not a "person" in his official capacity for purposes of Section 1983 liability. Thus, Plaintiff's claims against Daniel Cruise, Tommy Mills, Bradley Skipworth, Tim Vanderford, Jonathan Harkins, and Tyler Evans are due to be dismissed.

### IV. *MONELL* LIABILITY IS INAPPLICABLE TO SHERIFF DEPUTIES DANIEL CRUISE, TOMMY MILLS, BRADLEY SKIPWORTH, TIM VANDERFORD, JONATHAN HARKINS, AND TYLER EVANS.

*Monell* liability is inapplicable because deputies Daniel Cruise, Tommy Mills, Bradley Skipworth, Tim Vanderford, Jonathan Harkins, and Tyler Evans are

individuals rather than municipal defendants. If deputies Daniel Cruise, Tommy Mills, Bradley Skipworth, Tim Vanderford, Jonathan Harkins, and Tyler Evans were actually policymakers for the county, then *Monell* liability could plausibly apply to Colbert County. *McMillian v. Monroe Cty., Ala.*, 520 U.S. 781, 783 (1997) (stating "[i]f the sheriff's actions constitute county 'policy,' then the county is liable for them") (citing *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694 (1978)). Although Colbert County is a defendant in this case, nevertheless, *Monell* still would not apply because the deputies receive coverage just like the Sheriff who is an executive officer of the State of Alabama rather than a county employee. *McMillian*, 520 U.S. at 793 (concluding that "Alabama sheriffs, when executing their law enforcement duties, represent the State of Alabama, not their counties"). In the present case, Defendants Daniel Cruise, Tommy Mills, Bradley Skipworth, Tim Vanderford, Jonathan Harkins, and Tyler Evans are deputies and are not municipalities for which *Monell* would apply. Therefore, Plaintiff's Count V is due to be dismissed.

## V. ALTERNATIVELY, PLAINTIFF SHOULD RE-PLEAD HIS COMPLAINT PURSUANT TO RULE 12(e) OF THE FEDERAL RULES OF CIVIL PROCEDURE TO SPECIFY THE CONDUCT OF EACH DEFENDANT.

Plaintiff's claims lump all Defendants' conduct together in an "either/or" manner, making it impossible to frame an answer. It appears that Plaintiff merely strung a series of conclusory allegations together in the hopes to limp past this critical pleading stage and get to discovery. Plaintiff wants to negatively impact the

reputations of these deputies that were some distance away from the incident. These deficiencies necessitate that this Court, at a minimum, issue an order requiring the Plaintiff to specify his claims and differentiate the conduct of each Defendant, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure for all claims and not to use the confusing and wasteful tactic of grouping large amounts of defendants under impossible to understand labels.

One of the types of shotgun pleading is a complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cty. Sheriff's Office,* 792 F.3d 1313, 1323 (11th Cir. 2015). The manner that Plaintiff chose to plead this case is even more egregious because he is including Defendants who were not on the premise. At this point, none of the Defendants can frame an answer to Plaintiff's lumped and jumbled claims and guesswork allegations.

The court in *Paylor v. Hartford Fire Ins. Co.*, 748 F. 3d 1117, 1126–28 (11th Cir. 2014) best described the importance of a Rule 12(e) motion and order to combat a shotgun complaint.

> "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is **so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.** If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order. Fed. R.

Civ. P. 12(e).

In *Mitchell v. E–Z Way Towers, Inc.,* 269 F.2d 126 (5th Cir.1959), we explained that **[u]nder 12(e) the Court must determine whether the complaint is such that a party cannot reasonably be required to frame a responsive pleading. But the fact that a careful Judge, in the exercise of that wise discretion controlled by the prescribed principles of that rule, might so conclude does not permit him to dismiss the complaint for failure to state a claim. It may well be that petitioner's complaint as now drawn is too vague, but that is no ground for dismissing his action.** *Id.* at 130 (internal quotations omitted); *see Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc) (noting that this circuit adopted as binding all decisions of the former Fifth Circuit handed down prior to October 1, 1981). "The remedy for an allegation lacking sufficient specificity to provide adequate notice is, of course, a Rule 12(e) motion for a more definite statement." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 590 n. 9, 127 S.Ct. 1955, 1985, 167 L.Ed.2d 929 (2007) (Stevens, J., dissenting) (internal quotations omitted)."

*Paylor*, 748 F.3d at 1127 n. 4. (emphasis added). The *Paylor* court went further to state that:

**Defense attorneys, of course, are not helpless in the face of shotgun pleadings—even though, inexplicably, they often behave as though they are. A defendant served with a shotgun complaint should move the district court to dismiss the complaint pursuant to Rule 12(b)(6)[3] or for a more definite statement pursuant to Rule 12(e) on the ground that the complaint provides it with insufficient notice to enable it to file an answer.**

. . . why should parties wait until discovery to identify, with precision, the subject of the litigation? That is exactly backward. **Civil pleadings are supposed to mark the boundaries for discovery; discovery is not supposed to substitute for definite pleading.**

In any case, the parties delivered this mess to the District Court. Instead of demanding a re-pleader, *see Davis,* 516 F.3d at 984 ("In light of defense counsel's failure to request a re-pleader, the court, acting *sua sponte,* should have struck the plaintiff's complaint, and the defendants' answer, and **instructed plaintiff's counsel to file a more definite**

**statement**. The necessity for doing so should have become starkly apparent on reading the complaint."), the District Court tossed the case overboard to a Magistrate Judge for discovery.

**At that point it was too late: the discovery goat rodeo had begun**. Because a Magistrate Judge has no authority to narrow the scope of discovery (because that would constitute a dispositive ruling, a power forbidden to Magistrate Judges, *see* 28 U.S.C. § 636(b)(A)), the parties had a free hand to take depositions and collect affidavits, business records, and interrogatories—most of which bear no obvious connection to the crux of the dispute. By the time the case wheezed its way back to the District Judge, she unhappily discovered that the record had become "voluminous," consisting of "hundreds of pages of deposition testimony, witness affidavits, correspondence, various business records, and discovery responses." *Hollinger,* No. 6:11–cv–59–Orl–19TBS, ECF Doc. 57, at 7.

The persistence of the shotgun pleading problem is particularly frustrating because the relevant actors all have it within their power to avoid it. Nothing is stopping plaintiffs from refraining from writing shotgun pleadings. **Certainly nothing is stopping defense lawyers from asking for a more definite statement; indeed, their clients would be well-served by efforts to resolve, upfront, the specific contours of the dispute, thereby lessening or even eliminating the need for costly discovery**. And nothing should stop District Courts from demanding, on their own initiative, that the parties re-plead the case. Indeed, **[i]f the trial judge does not quickly demand re-pleader, all is lost—extended and largely aimless discovery will commence, and the trial court will soon be drowned in an uncharted sea of depositions, interrogatories, and affidavits. Given the massive record and loose pleadings before it, the trial court, whose time is constrained by the press of other business, is unable to squeeze the case down to its essentials; the case therefore proceeds to trial without proper delineation of issues, as happen[s] [frequently]. An appeal ensues, and the court of appeals assumes the trial court's responsibility of sorting things out. The result is a massive waste of judicial and private resources; moreover, the litigants suffer, and society loses confidence in the court[s'] ability to administer justice.**

*Paylor*, 748 F.3d at 1126–28 (quoting in part *Johnson Enter. of Jacksonville, Inc.*

*FPL Group, Inc.*, 162 F.3d 1290, 1333 11th Cir. 1998)).

Plaintiff's Complaint repeatedly uses the generic term "Defendants" when asserting factual allegations, making it impossible to tell which particular individuals or entities those allegations are asserted against. (Doc. 1) According to the complaint, the Plaintiff starts the complaint off by stating the following:

> COMES NOW, the Plaintiff, Marvin Eugen Long, through undersigned counsel, files this COMPLAINT, requesting legal equitable relief for unconstitutional and tortious conduct committed by the City of Sheffield, the Sheffield Police Department, the Sheffield Chief of Police Ricky Terry, Mayor Steve Stanley, County of Colbert, Sheriff Eric Balentine of the Colbert County Sheriff's Office and multiple officers/deputies (hereinafter collectively referred to as "Defendants").

Defendants are left to wonder and forced to guess whether the allegation is made against them or one of the other named Defendants. The Complaint never specified any specify conduct of Defendants Daniel Cruise, Tommy Mills, Bradley Skipworth, Tim Vanderford, Jonathan Harkins, and Tyler Evans. Plaintiff's shotgun pleading hampers Daniel Cruise, Tommy Mills, Bradley Skipworth, Tim Vanderford, Jonathan Harkins, and Tyler Evans' ability to prepare a meaningful response and complicates the setting of the parameters of the case. Plaintiff's pleading style constitutes quintessential shotgun pleading which has been repeatedly criticized and condemned by the Eleventh Circuit Court of Appeals time and time again. *See e.g. Weiland¸*792 F.3d at 1320–23; *Magulta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001); *see also Daniel v. Howell et. al.*, No. 2:20-cv-145-WKW, 2020 WL 7029152, at *6–7 (M.D. Ala. Nov. 30, 2020). As such, Plaintiff should, at a minimum, be required to replead his claims in a more specific manner consistent with the Federal

Rules of Civil Procedure.

## CONCLUSION

For the reasons stated, all claims are due to be dismissed against Defendants Daniel Cruise, Tommy Mills, Bradley Skipworth, Tim Vanderford, Jonathan Harkins, and Tyler Evans. Alternatively, based on the foregoing, Defendants request this Court to require the Plaintiff to provide a more definite statement. Specifically, Defendants request that the Motion for a More Definite Statement be granted to provide a statement of facts that does not include guessing but will provide a factual context for the claims raised against each Defendant.

Respectfully submitted this 26th day of June, 2023.

**s/J. Randall McNeill**
J. RANDALL MCNEILL (ASB-4841-E29J)
Attorney for Defendants Daniel Cruise, Tommy Mills, Bradley Skipworth, Tim Vanderford, Jonathan Harkins, and Tyler Evans
WEBB MCNEILL WALKER PC
One Commerce Street, Suite 700 (36104)
P.O. Box 238
Montgomery, Alabama 36101-0238
(334) 262-1850 – T
(334) 262-1889 – F
rmcneill@wmwfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 26th day of June 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Harry M. Daniels, Esq.    Dr. Roderick Van Daniel, Esq.
4751 Best Road Suite 490    1501 15th Avenue South, Suite 34
Atlanta, GA 30337      Birmingham, AL 35205
daniels@harrymdaniels.com   Roddaniel205@gmail.com

           **s/J. Randall McNeill**
           OF COUNSEL